### 59314, 59315. RAMSEY WINCH COMPANY v. TRUST COMPANY BANK; and vice versa.

Banke, Judge.

The plaintiff filed this action to domesticate a default judgment obtained in Oklahoma against the defendant, a Georgia banking corporation. The bank attacked the judgment as void for lack of personal jurisdiction and counterclaimed for damages for malicious abuse of process. Personal jurisdiction in the Oklahoma suit was asserted under that state's Long Arm Statute and was based on the bank's alleged business transactions there. Service was perfected by registered mail. The court below dismissed both the complaint and the counterclaim, prompting the plaintiff to appeal and the defendant to cross appeal.

The plaintiff is an Oklahoma company which manufactures electrical winches. One of its former customers was Gerard Products, Inc., a Georgia manufacturer of automobile wreckers. Following a change in management at Gerard, the plaintiff demanded

an "irrevocable letter of credit" from the company as a prerequisite to selling it any more merchandise on credit. Thereafter, the defendant bank, responding to Gerard's request, sent the plaintiff a letter promising to honor Gerard's checks. The plaintiff discovered that the letter did not state Gerard's corporate name correctly and telephoned the bank in Georgia to request another one. The bank complied, and the plaintiff once again began to ship equipment to Gerard; however, Gerard subsequently bankrupted without delivering any checks to cover these purchases. Undaunted by the fact that it had no checks, the plaintiff filed the Oklahoma suit to collect on the bank's letter of credit. In entering default judgment, the Oklahoma court found that the bank had agreed to guarantee payment of Gerard's account and that this agreement "furnished the plaintiff herein and its totality of contact with the plaintiff authorized . . . jurisdiction and venue . . ." *Held:*

1. We reject the plaintiff's contention that because the Oklahoma court has already considered the jurisdictional question the judgment cannot be collaterally attacked in Georgia. A collateral attack based on lack of personal jurisdiction is precluded only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. See *Drake v. Drake,* 187 Ga. 423 (5) (1 SE2d 573) (1939); *Green Acres Discount, Inc. v. Freid & Appell, Inc.,* 135 Ga. App. 816 (219 SE2d 39) (1975). The judgment under consideration in this case was entered by default; therefore, it may be collaterally attacked in this state.

2. Because the Oklahoma statute was not proven in the court below, we look to the Georgia Long Arm Statute (Code Ann. § 24-113.1) to determine whether sufficient "minimum contacts" existed between Oklahoma and the nonresident bank to confer jurisdiction on the Oklahoma court. See *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (2) (250 SE2d 813) (1978).

3. It is clear from the facts set forth above that the bank never took any action or consummated any business transaction with the plaintiff in Oklahoma. All of its business dealings were with its customer (Gerard) in Georgia. Under these circumstances, we hold that the

bank's action in answering phone calls or letters from the plaintiff after the letter of credit had already been issued did not establish the requisite "reasonable minimum contacts" with Oklahoma to render it liable to suit there. See Code Ann. § 24-113.1 (a); *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256, 258 (206 SE2d 437) (1974); *Shellenberger v. Tanner,* 138 Ga. App. 399, 404-405 (227 SE2d 266) (1976). See also *Davis Metals, Inc. v. Allen,* 230 Ga. 623 (198 SE2d 285) (1973); *Delta Equities, Inc. v. Larwin Mortg. Investors,* 133 Ga. App. 382 (211 SE2d 9) (1974); *Shaw v. Cousins Mortg. &c. Investments,* 142 Ga. App. 773 (236 SE2d 919) (1977). The Oklahoma judgment was void as a matter of law, and the trial court did not err in refusing to enforce it.

4. The plaintiff contends that the trial court erred in awarding summary judgment to the bank without allowing it 30 days to respond to the bank's motion. Under Code Ann. § 81A-156 (c), the opposing party is entitled to 30 days to respond to a motion for summary judgment. *Royston v. Royston,* 236 Ga. 648 (225 SE2d 41) (1976); *Peoples Fin. Corp. v. Jones,* 134 Ga. App. 649 (215 SE2d 711) (1975). However, the conclusion that the Oklahoma judgment was void for want of jurisdiction was demanded by the affidavits which the plaintiff had itself filed in support of its own motion for summary judgment. The affidavit and the depositions filed by the bank in support of its motion contained nothing in conflict with the plaintiff's affidavits in any material respect. Consequently, the plaintiff could not have been harmed by the trial court's action in ruling on the bank's motion prematurely. Furthermore, the plaintiff made no motion for continuance at the hearing on the motion and has therefore invoked no ruling from the trial court which may properly be enumerated as error.

5. The trial court was correct in dismissing the bank's counterclaim for failure to state a claim on which relief could be granted. The counterclaim alleged that the Oklahoma suit was groundless because the plaintiff had never presented the bank with any checks and that "by its acts of filing said groundless suit against the bank in Oklahoma and of obtaining the subject judgment by default, plaintiff wrongfully employed legal process for a

purpose not intended or countenanced by the law; and that such acts constitute a malicious abuse of legal process." However, even assuming that the Oklahoma suit was groundless, that would not make the filing or the prosecution of it a malicious abuse of process. "Malicious *abuse* of civil process, as contradistinguished from malicious *use* of civil process, lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended to achieve. [Cits.] The principle distinction between an action for malicious abuse of process and malicious use of process is that the former lies for wrongfully and unlawfully using legally and properly issued process for a purpose the law never intended it to effect, while the latter action lies for maliciously suing out civil process without probable cause. [Cits.]" *Cooper v. Public Fin. Corp.*, 146 Ga. App. 250, 254 (246 SE2d 684) (1978). Whether or not the plaintiff had probable cause to institute the Oklahoma suit, it is clear that its purpose, i.e., to obtain a judgment for money damages, was an imminently appropriate and lawful one for the use of a civil complaint.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED FEBRUARY 15, 1980.

*J. Timothy White, Kenneth Gartlir,* for appellant.
*Michael N. Mantegna,* for appellee.