## 67266. ABRUZZINO et al. v. FARMERS' & MERCHANTS' BANK.

DEEN, Presiding Judge.

Appellee Farmers' and Merchants' Bank of Morgantown, West Virginia (F&M), brought an action against appellants William and Rebecca Abruzzino for principal and interest due on a promissory note for $162,973.75 executed by husband and wife in August 1977 and representing renewal of a loan made by F&M in 1975. As collateral on the original note the Abruzzinos pledged a $100,000 F&M savings account in Mr. Abruzzino's name, and subsequently pledged some land as additional collateral. The loan proceeds allegedly were used to pay an indebtedness of Marion Square Corp., a shopping center development firm of which Mr. Abruzzino was president and chief stockholder.

The Abruzzinos moved to the Atlanta area in late 1979 and were

sued in the State Court of Fulton County. After denial of the Abruzzinos' motion for a continuance to obtain the deposition of a bank official, the case proceeded to trial and both parties moved for directed verdicts. The court granted F&M's motion and denied that of appellants. The Abruzzinos argued at trial and on appeal that the bank officer who had made the loan had done so for the purpose of ensuring that the building contractor, a bank stockholder, was paid off; and had assured the Abruzzinos that the bank would make no effort to collect on the loan. They further contended both at trial and on appeal that, since the loan was obtained for the purpose of paying a West Virginia contractor for work done on a West Virginia shopping center being developed by Abruzzino through one of his multiple corporate entities, the Georgia court should have applied West Virginia law. Enumerated as error are (1) plaintiff's alleged failure to comply with Rule 43 of the Georgia Civil Practice Act, OCGA § 9-11-43 (c) (Code Ann. § 81A-143), regarding notice of foreign law; (2) the court's denial of Mrs. Abruzzino's motion for a directed verdict because she allegedly had received no consideration for her signature on the note and had been fraudulently induced to sign it; and (3) the trial court's sustention of plaintiff's objection to the defendants' seeking to enter into evidence documents pertaining to transactions of defendants' various West Virginia enterprises. *Held:*

1. The appellants contend that because the contract between the parties was executed in West Virginia, the law of that state governs the rights and liabilities of the parties; that the appellee failed to give notice of its reliance on the foreign law (and indeed did not rely on such); and that the appellee thus had no legal basis for relief in this case. We cannot accept the appellants' logic.

OCGA § 9-11-43 (Code Ann. § 81A-143) provides that "[a] party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice." Absent proper introduction and proof of the law of a sister state, however, it is presumed that such foreign law is the same as that of Georgia. *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443) (1973); *Benefield v. Harris,* 143 Ga. App. 709 (240 SE2d 119) (1977). The appellee's failure to plead and prove West Virginia law did not nullify its cause of action; it merely resulted in the application of Georgia law, due to the above-mentioned presumption. If appellants wished the trial court to apply West Virginia law, the burden of pleading the foreign law was theirs, not appellee's. *Souchak v. Close,* 132 Ga. App. 248 (207 SE2d 708) (1974). Compare *Plant v. Trust Co. of Columbus,* 164 Ga. App. 387 (297 SE2d 37) (1982); *Superior Fertilizer &c. v. Warren,* 162 Ga. App. 595 (292 SE2d 430) (1982). The appellants' attempt to identify a conflict of laws problem is without merit.

2. Likewise without merit is the second enumeration. It makes no difference whether Mrs. Abruzzino was actively involved in her husband's business, or whether she knew the exact nature of the document to which she had affixed her signature at her husband's request. See *Citizens Bank v. Wix,* 154 Ga. App. 249 (267 SE2d 856) (1980); *Berry v. Atlas Metals,* 152 Ga. App. 437 (263 SE2d 179) (1979); *Ameagle Contractors v. Va. Supply &c. Co.,* 144 Ga. App. 477 (241 SE2d 594) (1978). The law is clear that she was chargeable with such knowledge, whether or not she actually knew the terms or import of the promissory note. *Venable v. Payne,* 138 Ga. App. 237 (225 SE2d 716) (1976).

Moreover, there is evidence of record (preeminently, appellants' own testimony) that the bank officer who allegedly fraudulently induced her to sign the note never had any dealings with her at all. Furthermore, contrary to appellants' allegations, there is absolutely no competent evidence that the bank officer made the loan only for the purpose of ensuring that a bank stockholder would be paid, or that he made false and misleading representations to the effect that the bank would never attempt to collect. A showing of more than a scintilla of circumstances is necessary to get a case before a jury. *McDaniel v. Green,* 156 Ga. App. 549 (275 SE2d 124) (1980).

3. The trial court correctly ruled that the documents appellants sought to have admitted were irrelevant to a determination of the issues in the instant case.

4. Appellee has moved for damages in the amount of ten percent (10%) of the trial court's judgment on remittitur, contending that the appeal is totally frivolous and was taken solely for delay. We cannot agree with appellee's contentions, however. The mere fact that the theoretical bases of appellants' arguments are erroneous as a matter of law does not mean *ipso facto* that appellants were not convinced of the validity of those theories. We therefore deny appellee's motion for additional damages.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1983.

*John C. Grabbe IV,* for appellants.
*Herbert D. Shellhouse,* for appellee.