68973, 68974. NINDOS v. KATRA, INC.; and vice versa.

(326 SE2d 530)

BENHAM, Judge.

Katra, Inc., brought suit in Texas against Nindos, who filed a special appearance for the purpose of contesting personal jurisdiction. The trial court in Texas entered an order which recited that it had considered the evidence and had found against Nindos on his challenge to the jurisdiction of that court. Nindos made no further appearance in Texas and a default judgment was subsequently entered against him. Katra then brought an action in Georgia to domesticate the Texas judgment. Nindos contested that action on the issue of jurisdiction as well as the merits of Katra's claim, and also filed a counterclaim. Case No. 68973 is Nindos' appeal from the grant of summary judgment to Katra in the domestication portion of the action; Case No. 68974 is Katra's cross-appeal from the denial of its motion for summary judgment as to Nindos' counterclaim.

1. Nindos contends that a collateral attack on the Texas judgment is permissible because the Texas court lacked jurisdiction over his person. We disagree.

Nindos made an appearance in the Texas court for the purpose of contesting jurisdiction. He had an opportunity to litigate the jurisdictional issue there, and the order ruling against his challenge on that ground as well as the final judgment in the case are regular on their faces. For those reasons Nindos may not now relitigate the jurisdictional issues. *Gordon v. Gordon*, 237 Ga. 171 (1) (227 SE2d 53) (1976); *Intl. Systems v. Bladen County*, 168 Ga. App. 316 (1) (308 SE2d 679) (1983); *Crosby v. Wenzoski*, 164 Ga. App. 266 (296 SE2d 162) (1982); *Shackelford v. Central Bank of Miss.*, 148 Ga. App. 494 (1) (251 SE2d 569) (1978).

Nindos has misplaced his reliance on the following statement in *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (265 SE2d 848) (1980): "The judgment under consideration in this case was entered by default; therefore, it may be collaterally attacked in this state." The Georgia defendant in that case made no appearance whatsoever in the Oklahoma court which entered judgment against it, and the statement in *Ramsey Winch Co.* that a default judgment may be collaterally attacked must be read in conjunction with the preceding sentence in that opinion: "A collateral attack based on lack of personal jurisdiction is precluded only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. [Cits.]" Id. Nindos' assertion in his brief that he never appeared before the Texas court either in person or through counsel is belied by the record and by his admission in another portion of the brief that an appearance was filed on his behalf, at his behest, by a Texas attorney. That appearance takes this case outside the ambit of *Ram-*

*sey Winch Co.*, supra.

Nindos' effort to attack the judgment on the basis of fraud is controlled adversely to him by *Crosby v. Wenzoski*, supra. There, as here, the fraud issues were such as could have been raised in the original action. That being so, Nindos may not rely on those allegations to support an attack on the judgment. See also *Gordon v. Gordon*, supra; *Shackelford v. Central Bank of Miss.*, supra.

Since Nindos may not attack the Texas judgment on any ground raised in this case, it follows that the trial court was correct in granting summary judgment to Katra and domesticating the Texas judgment.

2. The counterclaim asserted by Nindos in the domestication proceeding was based on the same transaction as the Texas suit and involved only the same parties who were before the Texas court. Under Texas law, which Katra made part of the record in the domestication action, and under OCGA § 9-11-13 and this court's decision in *Schoen v. Home Fed. &c. of Atlanta*, 167 Ga. App. 644 (1) (307 SE2d 72) (1983), Nindos' claim is a compulsory counterclaim arising from the same transaction which was involved in the Texas suit. Since we have held that the Texas judgment is valid, it is res judicata as to the counterclaim. " '[A] party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action.' [Cits.]" *First Fed. &c. Assn. v. I.T.S.R.E., Ltd.*, 159 Ga. App. 861, 863 (285 SE2d 593) (1981). Since Nindos' counterclaim is barred because of his failure to raise it in the Texas action, the trial court's denial of summary judgment to Katra on the counterclaim was error.

*Judgment affirmed in Case No. 68973. Judgment reversed in Case No. 68974. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 22, 1985.

*Platon P. Constantinides*, for appellant.
*C. Cyrus Malone III*, for appellee.