## 69659. SOUTHEASTERN METAL PRODUCTS, INC. et al. v. HORGER.
### (332 SE2d 662)

SOGNIER, Judge.

Charlton Horger filed suit in Fulton County to domesticate and enforce a default judgment for $5,053.80 rendered against Southeastern Metal Products, Inc. (Southeastern) and individually against its president, Robert S. Haywood. Southeastern and Haywood sought to collaterally attack the default judgment on the basis of the South Carolina court's lack of personal jurisdiction due to the insufficiency of process and service of process under South Carolina law. Horger's first motion for summary judgment was denied; his second motion was granted by the trial court but reversed by this court on the bases that the South Carolina judgment was not properly in evidence, OCGA § 24-7-24, and no notice of intent to rely on South Carolina law had been made. See *Southeastern Metal Prods. v. Horger*, 166 Ga. App. 205 (303 SE2d 536) (1983). Subsequently Horger brought a third motion for summary judgment with a new brief and documents attached. After a hearing on the motion, the trial court granted Horger's motion for summary judgment. Southeastern and Haywood appeal.

1. Appellants' first enumeration of error contending the trial court limited their argument during the hearing on appellee's motion for summary judgment is not supported by the record.

2. Appellants contend the trial court erred by admitting for consideration a June 4, 1984, order from the South Carolina Court of Common Pleas and the attestation and certification of that order. We find no merit in this enumeration. The South Carolina order was attested by the clerk of the South Carolina Court of Common Pleas and a certificate of a judge of that court exemplified the clerk's attestation. The document was thus properly considered by the trial court. OCGA § 24-7-24; *Southeastern Metal Prods.*, supra at 206 (2).

3. Appellants next contend the trial court erred by finding that the default judgment rendered against appellants in South Carolina was entitled to full faith and credit in Georgia courts asserting that the South Carolina court did not have jurisdiction over appellants. The record contains a properly certified copy of the October 9, 1979, default judgment entered against appellants in the South Carolina court. As determined in Division 2, the record also contains a properly certified copy of an order dated June 4, 1984, in which the South Carolina court stated that "[s]ubsequent to the filing of the [October 9, 1979, default judgment], on November 2, 1979, [appellants] filed their Notice of Motion and Motion dated October 22, 1979, setting forth *inter alia* various grounds of alleged error pertaining to the Court's Order of October 9, 1979." Because no further action had

been taken by appellants in the four and one-half years since the 1979 motion was filed, the South Carolina court struck and dismissed appellants' motion pursuant to its local rule. Thus the record reveals that appellants made an appearance in the South Carolina court. It is not necessary for us to address whether the trial court properly considered an uncertified copy of the 1979 Notice of Motion and Motion which appellants filed in the trial court in response to appellee's motion sub judice and which showed that defective service was raised as error before the foreign court, since the properly certified June 4, 1984, foreign order evidences that appellants appeared in the foreign court and thus had an *opportunity* to litigate the issue of lack of personal jurisdiction. Appellants are therefore precluded from collaterally attacking appellee's petition to domesticate the default judgment on the basis of insufficient service and lack of jurisdiction. See *Green Acres v. Freid & Appell*, 135 Ga. App. 816, 818 (219 SE2d 39) (1975); *Maxwell v. Columbia Realty Venture*, 155 Ga. App. 289, 290 (1) (270 SE2d 704) (1980); *Intl. Systems v. Bladen County*, 168 Ga. App. 316 (1) (308 SE2d 679) (1983). The trial court properly granted summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1985 —
REHEARING DENIED JUNE 14, 1985 — 

Robert S. Haywood, *pro se.*
James A. Goldstein, Ward D. Hull, for appellee.