## 70496. HALL et al. v. CEL OIL PRODUCTS CORPORATION.
(334 SE2d 724)

BENHAM, Judge.

Appellee Cel Oil Products Corp. ("Cel Oil") brought two suits in South Carolina against corporate defendants/appellants Contract Transport, Inc. and Interstate Brokers, Inc., and individual defendants/appellants Frank and Johnnie Hall. The Halls filed special appearances for the purpose of contesting personal jurisdiction, and the South Carolina court entered an order finding against the Halls on their jurisdictional challenge. Summary judgment was subsequently granted Cel Oil on its claims against the four defendants/appellants as well as on the counterclaims asserted by the corporate defendants. Cel Oil then brought an action in Georgia to domesticate and enforce the South Carolina judgment. The individual defendants/appellants filed counterclaims in the Georgia action, and this appeal follows the grant of summary judgment to appellee on its claim and on the Halls' counterclaims.

1. The Halls mount a collateral attack on the South Carolina judgment, contending that court lacked personal jurisdiction over them. A collateral attack based on lack of personal jurisdiction is precluded if the defendant has appeared in the foreign court and had an opportunity to litigate the issue. *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (265 SE2d 848) (1980). The Halls made an appearance in South Carolina to contest jurisdiction, and took advantage of the opportunity to litigate the issue there. Both the order ruling against the Hall's jurisdictional challenge and the final judgment in the case are regular on their faces. Therefore, the Halls may not now relitigate the jurisdictional issue. *Nindos v. Katra, Inc.*, 173 Ga. App. 326 (1) (326 SE2d 530) (1985).

2. We now turn to the counterclaims brought by the Halls in the domestication action. " ' "(A) party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action." [Cit.]' " *Nindos v. Katra*, supra, p. 327. Since the record before us does not contain the South Carolina law governing compulsory counterclaims, we must apply the appropriate law of Georgia, OCGA § 9-11-13. See *Abruzzino v. Farmers' & Merchants' Bank*, 168 Ga. App. 639 (1) (309 SE2d 911) (1983). Under OCGA § 9-11-13 (a), a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The counterclaims asserted by the Halls in the domestication suit were based on the same transaction upon which the South Carolina suits were based and in-

volved only the parties who were before that court. Contrary to appellants' assertions, the South Carolina court obtained personal jurisdiction over them (see Division 1 of this opinion), thus rendering ineffectual their argument that the exception listed in OCGA § 9-11-13 (a) is applicable.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1985.

*Neil L. Heimanson,* for appellants.
*Bartow Cowden III, James T. McDonald, Jr.,* for appellee.