## 77901. MUTUAL INSURANCE COMPANY OF NEW YORK v. DUBLIN PUB, INC.
### (378 SE2d 497)

BANKE, Presiding Judge.

The appellant, Mutual Insurance Company of New York, filed a dispossessory action against the appellee, Dublin Pub, Inc., which the trial court dismissed based on a finding that the appellant had consented to allow the appellee to remain on the premises pursuant to the terms of a settlement agreement. This appeal followed.

The appellee leased the premises in question from Green's Corner Associates in 1984, pursuant to a ten-year lease agreement. The appellant subsequently became the assignee of the lease and, in February of 1987, brought the present action against the appellee seeking possession of the premises as well as past-due rent in the principal

amount of $16,473.63. During the pendency of the action, counsel for both parties entered into settlement discussions which led to an agreement that the amount of past-due rent owed by the appellee, including interest, was $25,947.24. What transpired thereafter is the subject of the present dispute. The appellee's counsel maintained that the agreed upon sum was tendered by him and accepted by the appellant's counsel at a meeting held on April 1, 1987, with the understanding that the written settlement agreement which had been prepared by the appellant's counsel would thereafter be executed by the parties, and the dispossessory proceeding would be dismissed. The agreement was later executed by the appellee and mailed to the appellant's counsel for the appellant's signature. Believing that the matter had been settled, the appellee thereupon resumed making lease payments to the appellant. However, some 12 months later, counsel for the appellee received notice that the dispossessory action had not been dismissed and had been placed on a trial calendar. He thereupon filed a "Motion to Require Compliance With Settlement Agreement," requesting the dismissal of the action.

Counsel for the appellant conceded that the appellee's counsel had tendered to him the sum of $25,947.24 and that he in turn had submitted to the appellee's counsel a proposed settlement agreement. However, he maintained that at the time this transaction occurred he advised the appellee's counsel that his client had neither reviewed the document nor agreed to its terms, that the funds were being accepted merely as a payment of past-due rent owed under the lease, and that the transaction would be considered a final settlement only if his client agreed. Following a hearing on the appellant's motion, the trial court dismissed the action, concluding as follows: "[T]he [appellee's] lawyer delivered to [the appellant's] lawyer the sum of $25,947.24 with the expressed intentions of offering same to settle all issues in this action. . . . The delivery of this sum by the [appellee's] attorney to [the appellant] along with subsequent acceptance of monthly rental payments paid directly to [the appellant], considered together, amounts to an acceptance of the settlement offer." *Held*:

Findings of fact made by the trial court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52. See also *Bell v. Cronic*, 248 Ga. 457 (2) (283 SE2d 476) (1981). The findings of the trial court in this case were amply authorized by the evidence, with the result that the court did not err in dismissing the dispossessory action.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 30, 1989.

*Alston & Bird, Bernard Taylor*, for appellant.
*Michael J. Reily*, for appellee.