## A92A1007. PACKER PLASTICS, INC. v. JOHNSON.
### (423 SE2d 690)

JOHNSON, Judge.

Packer Plastics, Inc., obtained a default judgment in Kansas for $17,462.25 against Brad Johnson d/b/a Poss Sage's Restaurant. Johnson, a Georgia resident, filed a motion to set aside the default judgment in the Kansas court, arguing that his failure to file an answer to Packer Plastic's complaint was due to excusable neglect. The Kansas court denied Johnson's motion to set aside the judgment. Packer Plastics then filed an action in the Superior Court of Clarke County, Georgia to domesticate and enforce the Kansas judgment. In response, Johnson filed a motion to vacate the Kansas judgment on the ground of lack of personal jurisdiction. The Georgia court granted Johnson's motion and vacated the judgment of the Kansas court. Packer Plastics appeals.

A collateral attack upon a petition to domesticate a foreign judgment on the basis of lack of personal jurisdiction is precluded if the defendant has appeared in the foreign court and has thus had the opportunity to litigate the issue. *Southeastern Metal Prods. v. Horger*, 175 Ga. App. 143, 144 (3) (332 SE2d 662) (1985); *International Systems v. Bladen County*, 168 Ga. App. 316 (1) (308 SE2d 679) (1983). Here, Johnson appeared in the Kansas court and thus had the opportunity to litigate the issue of lack of personal jurisdiction when he filed his motion to set aside the default judgment. Johnson is therefore precluded from collaterally attacking Packer Plastic's action to domesticate the default judgment on the basis of lack of personal jurisdiction. Accordingly, the trial court erred in granting Johnson's motion to vacate the Kansas judgment.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1992 —
RECONSIDERATION DENIED OCTOBER 13, 1992.

*McArthur & McArthur, John J. McArthur*, for appellant.

*Hudson & Montgomery, J. David Crowe*, for appellee.