## A94A1703. SANWA LEASING CORPORATION v. STAN HUNT CONSTRUCTION COMPANY, INC. et al.
### (449 SE2d 347)

SMITH, Judge.

Sanwa Leasing Corporation obtained a default judgment against Stan Hunt and Stan Hunt Construction Company, Inc. in Michigan. It then sought to domesticate that judgment in Hall County, Georgia, pursuant to OCGA § 9-12-130 et seq. Appellees moved to vacate or set aside the foreign judgment, alleging the Michigan court lacked jurisdiction over them and the judgments were predicated upon a contract procured by fraud. The trial court granted appellees' motion, and Sanwa brings this appeal.

We affirm. First, Sanwa's contention that the trial court based its grant of appellees' motion upon Sanwa's failure to respond is belied by the trial court's order, which states that the motion was considered by the court.

Second, addressing the merits of the appeal, when suit is brought to domesticate a foreign judgment, that judgment may be attacked collaterally on the ground that the foreign court in which the judgment was obtained lacked personal jurisdiction over the defendants. If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists, and the burden is on the party seeking to domesticate the judgment to negate the defense of lack of jurisdiction. *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993).

Sanwa states in its brief that its burden was satisfied by paragraph 18 of the lease contract on which the Michigan action was based. However, that contract is not a part of the record. The burden is on appellant to show error by the record; we cannot consider statements in the brief in lieu of the record. See *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278, 279 (433 SE2d 388) (1993).[1]

Since the record fails to reveal any evidence to the contrary, we must assume that the trial court's ruling was correct. *Sycamore Pellet Systems v. Southeastern Steam*, 196 Ga. App. 717, 718 (2) (397 SE2d 6) (1990).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

---

[1] We note, however, that paragraph 18, as recited in Sanwa's brief, is not a "forum selection" clause such as has been held sufficient to negate lack of jurisdiction. See *Regency Mall Assoc. v. G. W.'s Restaurant*, 213 Ga. App. 225 (444 SE2d 572) (1994); *Brown*, supra. It is merely a "choice of law provision," providing that in case of conflict of laws, Michigan law must be used.

DECIDED OCTOBER 14, 1994.

*Walden G. Housman, Jr.,* for appellant.
*Carey, Deal, Jarrard & Walker, Tom Jarrard,* for appellees.