A95A1264. DOSTER v. THE STATE.
(460 SE2d 818)

McMURRAY, Presiding Judge.

Defendant Doster appeals his conviction of carrying a concealed weapon. The sole enumeration of error contends the trial court erred in denying defendant's motion to suppress evidence. *Held*:

The notice of appeal requested that a transcript of the hearing on defendant's motion to suppress be filed in this Court and that any transcript of the trial be omitted from the record on appeal. The rec-

ord forwarded to this Court contains the trial transcript but does not contain a transcript of the motion to suppress hearing. Noting this discrepancy, we requested the trial court clerk to forward, to this Court, the transcript of the motion to suppress hearing. Some time thereafter, we received from defense counsel, a letter explaining that subsequent to the filing of the notice of appeal, he had been told by the court reporter that there was no transcript of the motion to suppress hearing and had requested that a transcript of the trial be filed in lieu thereof. There has apparently been no objection submitted concerning the absence of a court reporter's transcript of the motion to suppress hearing nor any attempt to provide one of the alternative records permitted by statute such as a stipulated transcript. Additionally, defense counsel's letter clearly indicates acquiescence with the record now before this Court.

Appellate review of the sole enumeration of error submitted on this appeal requires an examination of the evidence submitted at the hearing on defendant's motion to suppress. In the absence of a transcript of the motion to suppress hearing, this Court must assume that the evidence at that hearing supported the trial court's denial of defendant's motion to suppress evidence. It is the burden of the appellant to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for review on appeal. *Wright v. State*, 215 Ga. App. 569 (2), 570 (452 SE2d 118); *Ross v. State*, 195 Ga. App. 624, 625 (2) (394 SE2d 418); *Reedman v. State*, 193 Ga. App. 688, 689 (2) (388 SE2d 763); *Mindock v. State*, 187 Ga. App. 508 (1) (370 SE2d 670).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED JULY 26, 1995.

*John W. Donnelly*, for appellant.
*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.

