### A96A2270. DANZELL et al. v. CANNON.
(481 SE2d 588)

Judge Harold R. Banke.

This action arose after James W. Cannon d/b/a Remodeler's Warehouse ("Cannon") filed a materialman's lien in South Carolina against William B. and Karen J. Danzell's ("Danzell" collectively) South Carolina property and commenced a civil action there to foreclose on the lien. Danzell subsequently initiated the instant tort action against Cannon in Chatham County Superior Court. Danzell appeals from the trial court's orders granting summary judgment, enumerating two errors.

The record shows that this case arose after Danzell engaged a contractor, Joshua Williams, to build a house on the property. Cannon supplied building materials to Williams, who had an open account. Danzell either paid Cannon directly for the materials or reimbursed Williams. Cannon allegedly submitted purchase orders to Danzell for equipment sold but not delivered to Williams. Danzell refused to pay, purportedly relying on Cannon's assurances that all payments had been made.

Cannon subsequently filed the South Carolina materialman's lien and sued both Danzell and Williams to perfect it. Danzell then successfully sued for release of the lien.[1] Prior to the resolution of the South Carolina case, Danzell commenced the instant action, alleging, inter alia, that Cannon (1) committed slander to title and trespass when he filed the lien and (2) falsely represented that nothing was owed on the materials. *Held*:

1. The trial court correctly determined that the doctrine of res judicata (claim preclusion) barred Danzell's false representation claim. This doctrine, codified at OCGA § 9-12-40, provides: "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is

---

[1] The South Carolina court consolidated the actions and Cannon was awarded a money judgment against Williams.

reversed or set aside." *Miller v. Charles*, 211 Ga App. 386, 387 (439 SE2d 88) (1993). Res judicata prevents plaintiffs from splitting up claims arising from the same transaction and prosecuting them piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails. *Cooper v. Public Finance Corp.*, 146 Ga. App. 250, 252 (1) (246 SE2d 684) (1978); *Sorrells Constr. Co. v. Chandler &c.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994).

Danzell's false representation claim arose out of the same transaction that provided the basis for the South Carolina action, the same parties were involved, and only the legal theory differed. *Hall v. Cel Oil Products Corp.*, 175 Ga. App. 813 (2) (334 SE2d 724) (1985). In the absence of any evidence challenging the South Carolina judgment, we must presume that it is "conclusive as to the subject matter which it purports to decide." *McIver v. Jones*, 209 Ga. App. 670, 673 (c) (434 SE2d 504) (1993). Thus, res judicata barred the false representation claim.

Notwithstanding Danzell's argument to the contrary, neither the prior judgment's reliance on South Carolina law nor Cannon's failure to provide notice of intent to rely on foreign law preclude this conclusion. Absent proper introduction and proof of the law of a sister state, it is presumed that such foreign law is identical to Georgia's. *Abruzzino v. Farmers' & Merchants' Bank*, 168 Ga. App. 639, 640 (1) (309 SE2d 911) (1983). Thus, if Danzell desired the application of South Carolina law, he bore the burden of pleading and proving it. Id. Georgia law required him to assert the false representation claim in conjunction with the other claims arising out of the materialman's lien. OCGA § 9-11-13 (a); *Hall*, 175 Ga. App. at 813 (2). Danzell's contention that res judicata did not apply because the South Carolina action sounded in contract and false representation is a tort also lacks merit. *Helmuth v. Life Ins. Co. of Ga.*, 194 Ga. App. 685, 686 (391 SE2d 412) (1990); see *Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315, 317-318 (1) (471 SE2d 262) (1996).

2. This analysis applies equally to the slander to title claim, although the trial court did not dispose of it on that ground. *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741) (1994) (summary judgment right for any reason must be affirmed). Because res judicata also barred the slander to title claim, we need not reach Danzell's remaining enumeration.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997.

*Clark & Clark, Fred S. Clark*, for appellants.

*Oliver, Maner & Gray, Terri M. Yates, James P. Gerard*, for appellee.