A97A1845. HICKS v. EVANS.
(495 SE2d 588)

Judge Harold R. Banke.

This appeal arose from a malpractice action filed by Linda Hicks, a South Carolina resident, against Warren Allen Evans, an Augusta-based attorney then licensed to practice in Georgia. After Evans failed to render the desired legal services, Hicks sued Evans in South Carolina for malpractice for mishandling her property damage claim against her Georgia landlord. Evans was properly served with the suit but did not respond. The South Carolina Court of Common Pleas, having previously entered a default judgment against Evans, held a separate trial on damages and awarded $20,000 in actual damages and $75,000 in punitive damages. When Hicks attempted to domesticate the South Carolina judgment under Georgia's Uniform Enforcement of Foreign Judgments Law (OCGA § 9-12-130 et seq.), Evans moved to set aside the judgment as void by reason of lack of personal jurisdiction. During the bench trial of this issue, the parties disputed whether key events had transpired in South Carolina or Georgia. The evidence conflicted as to whether Hicks and Evans formed an attorney/client relationship in Evans' law office in Augusta or at Hicks' place of business in South Carolina. Although Evans conceded that he went to South Carolina to inspect the property damage, the testimony clashed as to whether any fee negotiations occurred during that visit to South Carolina.

The trial court repeatedly voiced its "grave concerns" over Evans' credibility, since Evans had been suspended from the practice of law

for mishandling clients' cases.[1] Nevertheless, it found for Evans partly due to inconsistencies between the testimony of Mr. and Mrs. Hicks. The court determined that Evans did not solicit or transact any business in South Carolina within the meaning of that state's long arm statute, and that the exercise of personal jurisdiction over Evans "offended the traditional notions of fair play and substantial justice." Concluding that the South Carolina court lacked personal jurisdiction over Evans, it refused to domesticate the judgment. Enumerating three errors, Hicks appeals. *Held*:

1. We reject Hicks' contention that the Georgia court lacked authority to make its own findings as to whether the South Carolina court lacked personal jurisdiction over Evans. When an action is filed to domesticate a foreign judgment, that judgment may be collaterally attacked on the basis that the foreign court lacked personal jurisdiction. *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994). A collateral attack based on lack of personal jurisdiction is precluded only where the defendant has appeared in the foreign court and had an opportunity to litigate the issue. *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (1) (265 SE2d 848) (1980). Where the foreign judgment, as here, is obtained by default, the existence of personal jurisdiction is not presumed. *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993). Because Evans did not litigate the issue of personal jurisdiction in South Carolina, he did not waive his right to collaterally attack the South Carolina judgment in Georgia. *Ramsey Winch Co.*, 153 Ga. App. at 501 (1).

In order to accord the foreign judgment full faith and credit, personal jurisdiction over Evans must have been proper under South Carolina law. See *Duffy v. Theatrical Electronics Corp.*, 193 Ga. App. 628, 629 (388 SE2d 743) (1989). Under South Carolina law, whether a court may exercise personal jurisdiction requires a two-step analysis. *Southern Plastics Co. v. Southern Commerce Bank*, 423 SE2d 128, 130 (S.C. 1992). First, the trial judge must determine that the South Carolina long arm statute applies; and, second, the trial judge must determine that the nonresident's contacts with South Carolina are sufficient to satisfy due process requirements. Id. The South Carolina long arm statute authorizes jurisdiction over a person where the cause of action arises from the person's "transacting any business in this State." S.C. Code Ann. § 36-2-803 (1) (a). Having reviewed the record, we are constrained to find that the trial court did not clearly err in finding that the business that Evans transacted in South Caro-

---

[1] At the hearing, Evans admitted that his license to practice law had been under suspension since 1994, due to complaints from his clients to the State Bar of Georgia. See *In the Matter of Warren Allen Evans*, 264 Ga. 589 (449 SE2d 115) (1994).

lina did not give rise to the underlying cause of action for malpractice. See *Mut. Ins. Co. of New York v. Dublin Pub*, 190 Ga. App. 94, 95 (378 SE2d 497) (1989) (factual findings will not be set aside unless clearly erroneous).

2. Hicks contends that the trial court erred in finding that Evans did not waive his right to attack the South Carolina judgment when he wrote a letter to the South Carolina court seeking to reschedule the hearing on damages. After requesting the hearing date be changed, it is undisputed that Evans did not participate in the hearing, file any motions, or take any overt act submitting himself to the jurisdiction of the South Carolina forum. Assuming arguendo that the issue was properly raised and preserved below, Hicks cites no authority for her proposition that Evans' act of contacting the South Carolina court constituted an "appearance" so as to submit Evans to that court's jurisdiction. Compare *Packer Plastics v. Johnson*, 205 Ga. App. 797 (423 SE2d 690) (1992) (filing motion in foreign court to set aside default constitutes an appearance); see *B & D Fabricators v. D. H. Blair Investment &c.*, 220 Ga. App. 373, 374 (1) (b) (469 SE2d 683) (1996). In light of the above, we need not reach Hicks' remaining enumeration of error.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1998.

*Michael H. Saul*, for appellant.

*Troutman Sanders, Sharon N. Hill, Herbert D. Shellhouse, John M. Bowler*, for appellee.