## A99A0199. JOHNSON v. EQUICREDIT CORPORATION.
(517 SE2d 353)

JOHNSON, Chief Judge.

Harold Johnson and his mother were among the defendants named in an action brought in Brevard County, Florida, to foreclose a mortgage on property located in that county. In its order, the Florida court specifically found that the Johnsons, who were Georgia residents, were legally served with and answered the complaint, and that the court had jurisdiction over the parties and the subject matter. The Florida court entered summary judgment against the Johnsons. Johnson, on behalf of himself and his mother's estate, filed numerous motions for relief from the judgment in the Florida court. The motions were denied, and the judgment of foreclosure was affirmed on appeal.

Johnson then filed a lawsuit in Duval County, Florida, against Equicredit Corporation, a subsequent purchaser of the property, alleging the judgment of foreclosure was void for lack of jurisdiction. The trial court granted summary judgment to Equicredit based on the principle of res judicata, noting that Johnson had raised the "void for lack of jurisdiction" argument previously and that the issue had already been decided. The court also noted that even if, as Johnson claimed, his jurisdiction argument was different now, he had the opportunity to make the argument before and failed to do so; therefore, the action was nonetheless barred based on the principle of res judicata. These decisions were appealed to Florida appeals courts, and the decisions were affirmed.

After his efforts in Florida were unsuccessful, Johnson filed the underlying complaint against Equicredit in the Superior Court of Glynn County, Georgia, asking the court to deny full faith and credit to the Florida judgment of foreclosure and to find the judgment void for lack of jurisdiction. Equicredit moved to dismiss the complaint on several grounds, including res judicata. The trial court dismissed the action. We affirm the trial court's order.

1. In two enumerations, Johnson contends the trial court erred by not including citations to legal authority in its order of dismissal or its order denying his motion for new trial. These enumerations present no grounds for reversal.

Johnson cites no authority supporting his position that a trial court must include in its orders citations to legal authority. We do not agree that the trial court's failure to do such is improper. The trial judge is presumed to know the law and presumed to faithfully and lawfully perform his or her duties. *In the Interest of A. L. L.*, 211 Ga. App. 767, 770 (5) (440 SE2d 517) (1994). We will not presume the trial court committed error where that fact does not affirmatively appear in the record. Id.

More importantly, the trial court did not err in dismissing Johnson's complaint or in denying his motion for new trial. The judgment of a foreign court must be given full faith and credit unless the court lacked jurisdiction over the subject matter or the person or unless the judgment was procured by fraud. *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594 (373 SE2d 647) (1988). However, where a party appeared and defended in the foreign court, the judgment of that court, regular on its face, may not be attacked in the courts of this state. *Chrison v. H & H Interiors*, 232 Ga. App. 45, 47 (1) (a) (500 SE2d 41) (1998). And when the issue of jurisdiction was raised in the foreign court and decided against a party, the party cannot collaterally attack the foreign court's determination. Id. The doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue. Id.

Johnson appeared in the Florida court and thus had the opportunity to litigate the issue of lack of jurisdiction. In fact, the issue was litigated and decided against him. He is therefore precluded from collaterally attacking the Florida judgment based on lack of jurisdiction. See *Willis v. Nat. Mtg. Co.*, 235 Ga. App. 544, 545-546 (1) (509 SE2d 403) (1998) (physical precedent only); *Packer Plastics v. Johnson*, 205 Ga. App. 797 (423 SE2d 690) (1992); *Hall v. Cel Oil Products Corp.*, 175 Ga. App. 813 (1) (334 SE2d 724) (1985); *Van Buskirk v. Great American Bank &c.*, 175 Ga. App. 101, 102 (332 SE2d 394) (1985). Although the trial court stated a different basis for dismissing the complaint, a judgment right for any reason must be affirmed. See *Bailey v. Hall*, 199 Ga. App. 602, 606 (2) (405 SE2d 579) (1991). We note that, contrary to Johnson's claim, the trial court did not err in dismissing the action because Equicredit failed to include citations to legal authority in its motion to dismiss. No motion from Equicredit was even necessary, since the trial court has inherent authority to dismiss a complaint on its own motion in an appropriate case. See *Smith v. Adamson*, 226 Ga. App. 698, 699 (2) (487 SE2d 386) (1997). The trial court did not err in dismissing Johnson's complaint.

Nor did the trial court err in denying Johnson's motion for new trial, inasmuch as a motion for new trial was not the proper procedural vehicle for challenging the judgment. See generally *Gooding v. Boatright*, 211 Ga. App. 221, 222 (438 SE2d 685) (1993). In light of that, coupled with our determination that Johnson was not entitled to judgment, the court's failure to hold a hearing on the motion was harmless. See *Drohan v. Carriage Carpet Mills*, 175 Ga. App. 717, 718 (3) (334 SE2d 219) (1985).

2. Any error by the trial court in striking Johnson's motion for summary judgment as premature was harmless because, for the rea-

sons discussed above, Johnson was not entitled to have judgment entered in his favor. See generally *Fuhrman v. EDS Nanston, Inc.*, 225 Ga. App. 190, 191 (4) (483 SE2d 648) (1997).

3. Johnson argues the trial court failed to consider case law he submitted in support of his action. Although the trial court did not state in its order the authority upon which it relied in making its decision, the judge is presumed to know the law and presumed to faithfully and lawfully perform her duties. See *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235-236 (1) (424 SE2d 807) (1992). We will not presume that the trial court ignored applicable law.

4. In two enumerations, Johnson contends the trial court erred by "ignor[ing] its duty under the equity statutes" and in not entering an equitable decree holding the Florida judgment void. The doctrine of res judicata bars claims seeking equitable relief. See *McGraw v. Smith*, 232 Ga. App. 513, 514 (1) (502 SE2d 347) (1998); *Ga. Farm Buildings v. Willard*, 165 Ga. App. 325, 326-327 (1) (299 SE2d 181) (1983).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 4, 1999 —
RECONSIDERATION DENIED JUNE 2, 1999 — CERT. APPLIED FOR.

Harold A. Johnson, *pro se.*

*Holland & Knight, Frank Lonegro, Keith J. Reisman*, for appellee.