## A99A1605. AQUA SUN INVESTMENTS, INC. v. KENDRICK.
### (524 SE2d 519)

SMITH, Judge.

This appeal arose from a breach of contract action filed in Volusia County, Florida, by Aqua Sun Investments, Inc., a Florida corporation d/b/a Villas at Fortune Place, against Sharon Kendrick, a Georgia resident. Although Kendrick was personally served with the summons and complaint, she apparently did not respond. The Seventh Circuit Court of Volusia County, Florida, entered a final judgment for $10,348.06 against Kendrick and her husband, Emettress Kendrick, holding them jointly and severally liable to Aqua Sun for breaching a timeshare purchase agreement.

When Aqua Sun attempted to domesticate the Florida judgment under Georgia's Uniform Enforcement of Foreign Judgments Law (OCGA § 9-12-130 et seq.), Kendrick moved to set aside the judgment as void for multiple reasons. Kendrick asserted: (1) the Florida court lacked personal jurisdiction; (2) the transaction lacked consideration, and Aqua Sun had failed to furnish certain disclosures; (3) the Florida judgment had been taken by default; (4) Aqua Sun failed to prove that Florida had adopted a statute similar to this state's which would permit the filing of a foreign judgment; and (5) she did not owe any money.

After a hearing at which Aqua Sun did not participate, the trial court refused to domesticate the foreign judgment.[1] Relying on evidence that Kendrick presented at the hearing, the court determined that the purchase of the timeshare condominium "was never completed" and that the deed from Aqua Sun to Kendrick was never delivered or recorded. The court further found that the "contract was fraudulent" because Aqua Sun had violated the terms of the purchase agreement by not affording Kendrick ten days after receipt of a public offering statement to cancel the transaction. After deciding that the "transaction" in Florida was never completed, the court found that Kendrick did not own any real estate in Florida and was, therefore, "not subject to the long arm jurisdiction of the State of Florida." After additionally concluding that Kendrick had effectively

---

[1] Although the court made specific factual findings in its multi-page order, the appellate record does not contain a transcript of the proceedings.

cancelled the transaction, the court ordered that the judgment be set aside.

1. Aqua Sun asserts that the trial court erred in relying upon evidence presented during a hearing conducted in its absence. Aqua Sun claims the court sent notice to its counsel that the court did not intend to conduct a hearing on the matter unless Aqua Sun made a request for oral argument.

The party appealing bears the burden of proving error by the record. *Nodvin v. West*, 197 Ga. App. 92, 97 (397 SE2d 581) (1990).

> [W]here the record is incomplete, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). In the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's findings.

(Citations and punctuation omitted.) *Cwiek v. State*, 220 Ga. App. 36 (1) (467 SE2d 608) (1996). When an appellant fails to compile a complete record of what transpired at the trial level, appellate review is effectively precluded. *Doster v. State*, 218 Ga. App. 174, 175 (460 SE2d 818) (1995).

Here, Aqua Sun did not compile a complete record. First, although Aqua Sun argues that the trial court conducted proceedings in its absence without affording proper notice, Aqua Sun offered no evidence to substantiate that claim. On the contrary, in the order setting aside the judgment, the trial court stated that notice of the motion hearing had been sent to "all parties" and that "attorneys for the plaintiff did not appear." Nor does the record indicate that after the trial court's ruling, Aqua Sun moved for reconsideration or to set aside the judgment on the basis that Aqua Sun had been denied an opportunity to be heard. Nor did Aqua Sun make a proffer of its evidence or otherwise supplement the record.

Second, Aqua Sun failed to offer evidence that it unsuccessfully attempted to order a transcript or to reconstruct the record of the proceedings if no transcript was available. See OCGA § 5-6-41 (c) ("it shall be the duty of the moving party to prepare the transcript from recollection or otherwise"). The omission, as here, of evidence necessary for the determination of issues raised on appeal results in affirmance of the decision below. *Bennett v. Exec. Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993); see *Atwood v. Southeast Bedding*, 226 Ga. App. 50, 52 (485 SE2d 217) (1997).

2. Aqua Sun contends the trial court erred in setting aside the judgment on the ground that the Florida court lacked personal jurisdiction.

"A trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support" that ruling. *Hoesch America v. Dai Yang Metal Co.*, 217 Ga. App. 845, 849 (3) (459 SE2d 187) (1995). The standard for setting aside a foreign judgment is the same as that of OCGA § 9-11-60 (d). *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278 (433 SE2d 388) (1993), overruled on other grounds, *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995). "The defendant must show that the judgment is defective due to lack of jurisdiction over the person or subject matter, due to fraud, accident or mistake, or due to a nonamendable defect on the face of the pleadings. [Cit.]" Id. Here, the trial court found that Kendrick had satisfied that burden on two separate grounds: the lack of personal jurisdiction and due to fraud.

When an action is filed to domesticate a foreign judgment, that judgment may be collaterally attacked on the basis that the foreign court lacked personal jurisdiction. *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994). A collateral attack based on lack of personal jurisdiction is precluded only when the defendant has appeared in the foreign court and has had an opportunity to litigate the issue. *Hicks v. Evans*, 230 Ga. App. 114, 115 (1) (495 SE2d 588) (1998); *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (1) (265 SE2d 848) (1980). Where, as here, the foreign judgment is obtained by default, the existence of personal jurisdiction is not presumed, and the party seeking to enforce the judgment must negate the defense of lack of jurisdiction. *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993).

In order to accord the foreign judgment full faith and credit, personal jurisdiction over Kendrick must have been proper under Florida law. OCGA § 9-12-114 (2). Aqua Sun asserted that under Florida law, a Florida court may exercise personal jurisdiction over a nonresident defendant who owns, uses, or possesses real property situated within the State of Florida. Fla. Stat. Ann. § 48-193 (5). But here, based on the evidence presented by Kendrick, the trial court determined that statute did not apply.

Having reviewed the incomplete record provided on appeal, we cannot say that the trial court clearly erred in finding that because Kendrick's cancellation of the contract was effective, she did not own any real estate in Florida which could have subjected her to personal jurisdiction in that state. See *Mut. Ins. Co. &c. v. Dublin Pub*, 190 Ga. App. 94, 95 (378 SE2d 497) (1989) (factual findings will not be set aside unless clearly erroneous). Because Aqua Sun did not prove the applicability of the Florida long-arm statute, it failed to sustain its burden of negating Kendrick's jurisdictional defense. *Brown*, supra; see *Chambers v. Navare*, 231 Ga. App. 318 (498 SE2d 173) (1998)

(physical precedent only).

3. In light of the above holding, we need not reach Aqua Sun's contention that the trial court erred in setting aside the judgment on the basis of fraud.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1999.

*Hays & Potter, James W. Hays*, for appellant.
*Dye, Tucker, Everitt, Long & Brewton, John B. Long*, for appellee.