## A08A0858. HOMEOWNERS MORTGAGE OF AMERICA, INC. v. CHASE HOME FINANCE, LLC.

### (668 SE2d 561)

JOHNSON, Presiding Judge.

We granted this discretionary appeal to review the trial court's denial of a motion to set aside a foreign judgment. For reasons that follow, we reverse.

The central facts are not in dispute. Chase Home Finance, LLC, sued Homeowners Mortgage of America, Inc., in New Jersey for breach of contract. At Homeowners' request, Chase agreed to give Homeowners an additional 30 days to answer the complaint, and the parties filed a "Stipulation Extending Time to Answer" with the New Jersey court. Despite this extension, Homeowners never answered the lawsuit.

The New Jersey court found Homeowners in default for failure to appear and entered judgment against it. Chase then sought to enforce the default judgment in Cobb County, Homeowners' county of residence, pursuant to OCGA § 9-12-132. Homeowners objected and moved to set the foreign judgment aside, arguing that New Jersey lacked personal jurisdiction. The Cobb County trial court denied the motion, and this appeal followed.

Although Georgia courts generally will enforce a judgment entered by another state, a defendant may collaterally attack the judgment in Georgia if the foreign court lacked personal jurisdiction.[1] "Where, as here, the foreign judgment is obtained by default, the existence of personal jurisdiction is not presumed, and the party seeking to enforce the judgment must negate the defense of lack of jurisdiction."[2] If, however, the defendant "appeared in the foreign court and . . . had an opportunity to litigate the issue," it may not attack the judgment on personal jurisdiction grounds.[3]

Trying to undermine Homeowners' jurisdictional defense, Chase asserted below — and the trial court found — that Homeowners appeared in the New Jersey proceeding by filing the stipulated extension of time and thus forfeited its right to challenge personal jurisdiction. We disagree.

Although New Jersey formerly viewed this type of stipulation as a "general appearance" that waived any personal jurisdiction defense,[4] its civil practice no longer reflects this perspective. As

---

[1] *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 673 (2) (524 SE2d 519) (1999).

[2] (Citation omitted.) Id.

[3] (Citations omitted.) Id.

[4] See *Onken v. Onken*, 196 A. 688 (N.J. App. 1938).

explained by the New Jersey Supreme Court in *Allen B. Du Mont Laboratories v. Marcalus Mfg. Co.*:

> Prior to the present judicial system, such a stipulation was held to constitute a general appearance foreclosing a challenge to jurisdiction. We need not review the basis or merit of that result under prior practice. Suffice it to say that our present rules of court adopt another approach.[5]

Under New Jersey's revised procedure, a defendant can safely obtain additional time to answer a complaint without waiving its personal jurisdiction defense.[6] We recognize that the *Du Mont* decision was issued in 1959, almost 50 years ago. But the parties have not cited — and we have not found — any more recent authority altering this revised approach. We must conclude, therefore, that Homeowners did not lose its jurisdictional challenge by entering the stipulated extension of time.

Chase argues on appeal that, despite *Du Mont*, a stipulated extension remains a "general appearance" under pre-*Du Mont* case law. According to Chase, *Du Mont* holds only that the "appearance" does not constitute a jurisdictional waiver. It thus claims that, even if *Du Mont* authorized Homeowners to raise a jurisdictional challenge in New Jersey, the "appearance" foreclosed a collateral attack in Georgia.

As noted above, however, *Du Mont* rejected the "general appearance" approach relied upon by Chase. Moreover, in analyzing Homeowners' motion to set aside, we must focus on the ultimate result of the alleged "appearance." The key issue is whether the stipulation filed with the New Jersey court "constituted an 'appearance' so as to submit [Homeowners] to that court's jurisdiction."[7] As made clear by *Du Mont*, it did not. Notwithstanding the stipulation, Homeowners retained the right to challenge personal jurisdiction.[8] It did not submit itself to New Jersey jurisdiction by filing the stipulation, and it took no other action to bring itself within the jurisdiction of a New Jersey court.

Simply put, nothing precludes Homeowners' jurisdictional challenge in this case.[9] And Chase conceded below that, absent such

---

[5] (Citation omitted.) 152 A2d 841, 847 (III) (N.J. 1959).

[6] Id. See also *Gypsum Contractors, Inc. v. American Surety Co. of New York*, 181 A2d 174, 179 (N.J. 1962) (rejecting contention that "defendant's act in securing a stipulation extending the time to answer . . . operated as a waiver of the objection to jurisdiction").

[7] *Hicks v. Evans*, 230 Ga. App. 114, 116 (2) (495 SE2d 588) (1998).

[8] See *Du Mont*, supra at 847 (III).

[9] See *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 610-611 (1) (547 SE2d 802)

preclusion or waiver, the New Jersey judgment should not be enforced. It follows that the trial court erred in denying Homeowners' motion to set aside.

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2008.

*Herbert P. Schlanger*, for appellant.

*Kitchens, Kelley & Gaynes, Mark A. Kelley, Heather Dawson*, for appellee.

---

(2001) (collateral attack on foreign judgment authorized where evidence showed that defendant filed an answer in the foreign litigation, but contested personal jurisdiction; although the foreign court never resolved the jurisdictional issue, the defendant did not waive it, and it remained a proper basis for collateral attack); *Hicks*, supra at 116 (2).