**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 30, 2014**

# In the Court of Appeals of Georgia

A14A0042. SWAFFORD v. ELKINS et al.

RAY, Judge.

Eugene Swafford filed suit against Jeff Elkins and Quality Outdoor Products of the Southeast, LLC ("QOP") seeking damages arising out of the negligent construction of a roof on his home. Swafford asserted that QOP, an out-of-state company, was subject to the jurisdiction of the trial court pursuant to OCGA § 9-10-91 (Georgia's Long-Arm Statute), and he served a second original of the summons and complaint on its registered agent for service of process in Alabama. When QOP failed to file an answer to the complaint, the trial court entered a default judgment against QOP.[1] The trial court granted QOP's motion to set aside the judgment and

---

[1] Defendant Elkins filed for bankruptcy protection shortly after the lawsuit was filed, and the claim against him was discharged. Elkins is not a party to this appeal.

dismissed the case, finding that QOP was not subject to jurisdiction under the Long-Arm Statute. Swafford appeals from this order. For the reasons that follow, we reverse and remand the case with direction.

1. Swafford contends that the trial court erred in finding that it lacked personal jurisdiction over QOP under Georgia's Long-Arm Statute. Specifically, he contends that QOP waived this issue. We agree.

A motion to set aside a judgment based upon a lack of jurisdiction over the person may be brought at any time. OCGA § 9-11-60 (f). Although a nonresident defendant does not waive the defense of lack of personal jurisdiction merely by failing to answer the complaint, the defense of lack of personal jurisdiction may be waived if the nonresident defendant "submits to the jurisdiction of the court by seeking a ruling on the merits of the case or otherwise enters a general appearance without raising the issue." (Citation omitted.) *Hoesch America, Inc. v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845, 845-848 (1) (459 SE2d 187) (1995). See also *Packer Plastics, Inc. v. Johnson*, 205 Ga. App. 797, 798 (423 SE2d 690) (1992) (filing a motion in court to set aside default judgment constitutes an appearance).

Here, QOP filed its motion to set the judgment on the ground that it "did not receive any information about this action [from its registered agent] until the Plaintiff

2

tried to collect on the judgment[.]" QOP did not raise the issue of lack of personal jurisdiction under the Long-Arm Statute at the time it filed its motion. Moreover, in a subsequent reply brief in support of its motion, QOP argued that its registered agent failed to notify QOP of this lawsuit, denied that it had any involvement in the construction of the roof, and stated that "[i]f the Plaintiff truly does have a case against [QOP] then [the Plaintiff] should [be required to] prevail upon the evidence. [QOP] hereby consents to venue in Haralson County, Georgia and [QOP] will acknowledge service." Thus, it is clear that QOP initially sought to have the default judgment set aside so that it could present its defense on the merits of the case.[2]

After the hearing on the motion to set aside the judgment, QOP filed a post-hearing brief raising for the first time the issue of lack of personal jurisdiction under the Long-Arm Statute. As QOP failed to raise this issue when it filed its motion to set aside the judgment, in its initial brief to the trial court, and at the hearing on the motion, we find that QOP waived this issue. See *Hoesch*, supra; *Packer Plastics*, supra.

---

[2] The record shows that Swafford and QOP later attempted to resolve the case through mediation, but they were unsuccessful.

Accordingly, the trial court erred when it granted QOP's motion to set aside the judgment and dismissed the case on this basis. However, we remand the case to the trial court to make a specific determination as to whether QOP is entitled to have the judgment set aside on the basis of "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]" OCGA § 9-11-60 (d) (2).

2. In light of our holding in Division 1, we need not address Swafford's remaining enumerations of error.

*Judgment reversed and case remanded with direction. Andrews, P. J., and McFadden, J., concur.*