Lawrence Newmark, J.
The defendant seeks to set aside a default judgment.
Plaintiff obtained a default judgment against defendant on July 13, 1973. It appears that the action for a sum of money due was commenced in March, 1973. The summons and complaint were not timely filed and plaintiff obtained an order permitting filing nunc pro tunc and extending defendant’s time to answer for 30 days. No answer was ever filed although it seems that the plaintiff did receive a notice of appearance, answer and counterclaim to which a reply was served. The plaintiff contends she was unable to file a notice of trial or statement of readiness because of defendant’s failure to file its answer. Both sides admit that defendant’s attorney was aware of the nonfiling, but no steps were taken to correct this error. Finally, a default judgment was entered.
Now the defendant moves to vacate that judgment on the basis that the defendant should be entitled to his day in court.
The defendant has not raised the question, but this court feels it should consider whether the failure to file the answer with the Clerk of the court in fact constitutes a default.
There is no statutory requirement that an answer be filed in either the CPLR or TJDCA. Nor is there such a rule in the Suffolk County District Court Rules, although the, wording of the form of .summons prescribed by the rules (22 NYCRR 3935.3) requires the defendant to appear and answer.
In Young’s Uniform Civil, City and District Courts Practice (in the discussion of UDCA, § 905, p. 186) it is noted that the form of summons required by the rules and the necessities of procedure dictate that the answer must be filed with proof of service on the opposing attorney. This court, however, disagrees with this interpretation.
*416 There is no requirement for filing, thus there can he no default for the failure to file. Where the plaintiff seeks to file a notice of trial and the statement of readiness, he must do so in compliance with the court rules. In particular rule 3935.6 requires the party filing a notice of trial to furnish copies of marked pleadings pursuant to CPLR 4012, which section requires copies of all pleadings be submitted by the party filing the notice of trial.
The deféndant served his answer upon the opposing attorney in compliance with CPLR 2103. He was not in default; no judgment should have been entered against him.
The motion is granted and the default judgment is vacated.