## A98A0740. GIARRATANO v. GLICKMAN.
(501 SE2d 266)

McMURRAY, Presiding Judge.

Elena Giarratano obtained a default judgment in New York against her half-brother, Mark Glickman, for breach of his promise to repay a $10,000 personal loan. She then sought to domesticate the judgment in Gwinnett County, Georgia, pursuant to OCGA § 9-12-130 et seq. Glickman moved to set aside the judgment pursuant to OCGA §§ 9-12-132 and 9-11-60 (d) (1), alleging the New York court lacked personal jurisdiction over him. The trial court granted Glickman's motion, and Giarratano appeals. *Held*:

When suit is brought to domesticate a foreign judgment, the judgment may be attacked collaterally on the ground the foreign court lacked personal jurisdiction over the defendant. If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists. The party seeking to domesticate the judgment bears the burden of negating the defense of lack of personal jurisdiction. See *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994); *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993).

Giarratano argues Glickman was subject to suit in New York under New York's long arm statute. However, because Giarratano did not give written notice of her intent to rely on foreign law pursuant to OCGA § 9-11-43 (c) nor did she prove New York law as required by OCGA § 24-7-24, the trial court properly applied Georgia law. *Brown*, supra at 835 (1); *Abruzzino v. Farmers' & Merchants' Bank*, 168 Ga. App. 639, 640 (1) (309 SE2d 911) (1983).

Giarratano contends Glickman was subject to suit in New York because Glickman had sufficient minimum contacts with that state. "The Due Process Clause protects an individual's liberty interest in

not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' [Cit.]" *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 471-472 (105 SC 2174, 85 LE2d 528) (1985). "[T]he constitutional touchstone [is] whether the defendant purposefully established 'minimum contacts' in the forum State." Id. at 474. " '[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' [Cit.]" Id. Considering these basic principles, we must determine whether Glickman has done some act or consummated a transaction availing himself of the laws of New York. See, e.g., *Eastlawn Corp. v. Bankers Equip. Leasing Co.*, 211 Ga. App. 551, 553 (439 SE2d 753) (1993).

Glickman is a resident of Georgia. He was a resident of Georgia when Giarratano loaned him the money. He regularly traveled to New York on business and to visit family. During one visit, he was cited for traffic violations. Glickman also inherited property from his grandfather, who lived and died in New York. Glickman received at least half of the loan proceeds from Giarratano while visiting in New York. In support of her brief in opposition to Glickman's motion, Giarratano submitted letters and phone bills evidencing her collection attempts. However, she submitted no writing evidencing a contract, loan agreement, or promissory note.

As the trial court correctly held, Glickman's travels to, his traffic citations in, and his inheritance of property in New York have no connection to the suit. Glickman's receipt of half the loan proceeds in New York and subsequent letters and phone calls to Giarratano in New York regarding the loan are insufficient contacts under *Burger King* to give Glickman "fair warning" that he would be subject to suit there. See *Beverage Mgmt. Solutions v. Yankee Spirits*, 218 Ga. App. 95, 96-97 (460 SE2d 564) (1995); *Eastlawn Corp. v. Bankers Equip. Leasing Co.*, supra at 555. The trial court, therefore, did not err in granting Glickman's motion to set aside.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 3, 1998.

*Chad A. McGowan*, for appellant.
*Bricks & Hedden, Kathryn N. Hedden*, for appellee.