A99A0644. E. HOWARD ST. CLAIR & ASSOCIATES, INC.
v. NORTHWEST CARPETS, INC.
(515 SE2d 660)

ELDRIDGE, Judge.

Plaintiff E. Howard St. Clair & Associates, Inc., d/b/a Days Inn of Princeton, West Virginia ("St. Clair"), obtained a default judgment against defendant Northwest Carpets, Inc., in the Circuit Court of Mercer County, West Virginia, on or about September 11, 1997. The judgment was the result of a suit by St. Clair which alleged that Northwest Carpets sold defective carpet to Leisure Time Supply of Mount Airy, North Carolina. Leisure Time Supply in turn sold the carpet to St. Clair. Pursuant to Leisure Time Supply's instructions, Northwest Carpets shipped the carpet from its Georgia plant to West Virginia. After delivery, St. Clair brought suit in West Virginia against Northwest Carpets and obtained a default judgment for damages arising out of the alleged manufacturing defects.

On June 12, 1998, St. Clair filed the judgment in the Superior Court of Whitfield County, Georgia, seeking to domesticate the judgment pursuant to Georgia's Uniform Enforcement of Foreign Judgments Law (UEFJL), OCGA § 9-12-130 et seq. St. Clair also filed a notice to rely on West Virginia law, specifically W. Va. Code § 56-3-33, as to in personam jurisdiction.

On June 18, 1998, Northwest Carpets filed a motion to set aside the judgment under OCGA § 9-11-60 (d) (1) in the Whitfield County Superior Court, asserting that the West Virginia court lacked in personam jurisdiction over Northwest Carpets. After a hearing on August 7, 1998, the Whitfield County Superior Court granted Northwest Carpets' motion to set aside the judgment. St. Clair appeals. *Held:*

"Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State. The uniform law [OCGA § 9-12-130 et seq.] provides a

procedure for filing and enforcing foreign judgments in this state."[1] (Citations and punctuation omitted.) *Chambers v. Navare*, 231 Ga. App. 318 (1) (498 SE2d 173) (1998). Under OCGA § 9-12-132,

> [a] copy of any foreign judgment authenticated in accordance with an act of Congress or statutes of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner.

> When suit is brought to domesticate a foreign judgment, the judgment may be attacked collaterally [under OCGA § 9-11-60 (d) (1)] on the ground the foreign court lacked personal jurisdiction over the defendant. If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists. The party seeking to domesticate the judgment bears the burden of negating the defense of lack of personal jurisdiction. See *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994); *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993).

*Giarratano v. Glickman*, 232 Ga. App. 75 (501 SE2d 266) (1998). See also *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 710 (3) (463 SE2d 23) (1995) (Beasley, C. J., concurring specially). During a hearing on the determination of jurisdiction, in personam jurisdiction must be proven by a preponderance of the evidence. *State ex rel. Bell Atlantic-W. Va. v. Ranson*, 201 W. Va. 402 (III) (497 SE2d 755) (1997). Since St. Clair filed a notice of its intent to rely on foreign law, West Virginia law controls the determination as to whether the West Virginia court had in personam jurisdiction over Northwest Carpets. *Chambers v. Navare*, supra at 319 (2).

If the party seeking to domesticate the judgment fails to fulfill its burden in establishing the jurisdiction of the foreign court, the Georgia trial court may set aside the judgment. See OCGA § 9-11-60 (d) (1).

---

[1] West Virginia has enacted a substantially similar UEFJL, W. Va. Code § 55-14-1 et seq.

> Such action by the Georgia court . . . will not affect enforceability in [West Virginia] or elsewhere. The effect, in the foreign state, of a Georgia court's setting aside the domesticated judgment would only affect its enforceability here. Were it a Georgia judgment instead, a Georgia court's setting aside the judgment would end its viability altogether.

(Citation and punctuation omitted.) *Chambers v. Navare*, supra at 318 (1), citing *Okekpe v. Commerce Funding Corp.*, supra at 713 (Beasley, C. J., concurring specially).

In this case, during the hearing on Northwest Carpets' motion to set aside the judgment, Northwest Carpets affirmatively established that its only contact with West Virginia was shipping the carpet to the state pursuant to the instructions of its customer, Leisure Time Supply of North Carolina. Northwest Carpets presented evidence that it did not have property, offices, shareholders, or employees in West Virginia; did not have customers in the state; and did not market its products specifically to the state. In other words, the only contact that Northwest Carpets had with West Virginia was placing this specific carpet order from a North Carolina company into the stream of commerce.

In response, St. Clair presented no evidence to support the West Virginia court's assertion of jurisdiction except the judgment itself, which presented the findings of fact upon which it had based its in personam jurisdiction. Such allegations included Northwest Carpets' acts of (1) entering into a "contract which was to be performed, in whole or in part, within the State of West Virginia"; and (2) manufacturing, selling, and supplying a product which caused harm to property located in West Virginia. Applying the two-part analysis of *Abbott v. Owens-Corning Fiberglass Corp.*, 191 W. Va. 198 (444 SE2d 285) (1994), the West Virginia Court found (1) that these acts were sufficient to establish jurisdiction under the state's corporate and long arm statutes, W. Va. Code §§ 33-1-15[2] and 56-3-33 (a) (1),[3] and (2) that Northwest Carpets' contacts with the state met the mini-

---

[2] Under W. Va. Code § 31-1-15,

a foreign corporation not authorized to conduct affairs or do or transact business in this State pursuant to the provisions of this article shall nevertheless be deemed to be conducting affairs or doing or transacting business herein (a) if such corporation makes a contract to be performed, in whole or in part, by any party thereto, in this State, (b) if such corporation commits a tort in whole or in part in this State, or (c) if such corporation manufactures, sells, offers for sale or supplies any product in a defective condition and such product causes injury to any person or property within this State notwithstanding the fact that such corporation had no agents, servants or employees or contacts within this State at the time of said injury.

[3] Under W. Va. Code § 56-3-33 (a) (1), nonresidents who "transact[ ] any business" in West Virginia are subject to its jurisdiction.

mum contacts necessary to satisfy federal due process requirements. See also *Hill v. Showa Denko, K.K.*, 188 W. Va. 654 (425 SE2d 609) (1992).

However, in its order on Northwest Carpets' motion to set aside the judgment, the Superior Court of Whitfield County, Georgia, found that Northwest Carpets' only contact with West Virginia was placement of its carpet into the stream of commerce. Citing *Weir-Cove Bakery v. Universal Oven Co.*, 518 FSupp. 383 (N. D. W. Va. 1981), the Georgia court found that this act was insufficient to give West Virginia in personam jurisdiction over Northwest Carpets.

St. Clair argues on appeal that it has met its burden of negating Northwest Carpets' claim of lack of in personam jurisdiction under West Virginia law and complains that the Georgia court inappropriately relied upon Georgia law in evaluating the West Virginia court's jurisdiction. However, it is clear from the record that the Georgia court considered the West Virginia case cited by St. Clair in reaching its conclusion regarding jurisdiction.

During the hearing on Northwest Carpets' motion to set aside the judgment and on appeal, St. Clair relied upon *Hill v. Showa Denko, K.K.*, supra, for the proposition that the sole act of placing a product into the stream of commerce is a "transaction" for the purposes of finding personal jurisdiction under the Long Arm Statute *and* that

> personal jurisdiction premised on the placement of a product into the Stream of Commerce is consistent with the Due Process Clause, and can be exercised without the need to show additional conduct by the defendant aimed at the forum state. *Asahi [Metal Indus. Co. v. Superior Court of Cal.*, 480 U. S. 102, 117 (107 SC 1026, 94 LE2d 92) (1987)].

(Punctuation omitted.) However, in *Hill v. Showa Denko, K.K.*, supra, the foreign corporation, S. D. K., had a wholly owned subsidiary, S. D. A., which distributed the products in West Virginia and "clearly" solicited business there. Id. at 614, 616. Accordingly, West Virginia's Supreme Court of Appeals found that the burden of requiring S. D. K. to submit to the state's jurisdiction was "minimal," while the burden of requiring the plaintiff to travel to Japan was "substantial." Id. at 616.

Accordingly, West Virginia cases subsequent to *Hill v. Showa Denko, K.K.*, supra, have limited its expansive holding to require West Virginia courts to undergo a "qualitative analysis" of the foreign corporation's contacts with the state and to preclude the "use of 'mechanical tests' and 'talismanic jurisdictional formulas.' *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 478, 485 [(105 SC 2174, 85

LE2d 528)] (1985)." *Norfolk Southern R. Co. v. Maynard*, 190 W. Va. 113 (437 SE2d 277) (1993). See also *Shaffer v. Heitner*, 433 U. S. 186 (97 SC 2569, 53 LE2d 683) (1977); *Intl. Shoe Co. v. Washington*, 326 U. S. 310 (66 SC 154, 90 LE2d 95) (1945). "Indeed, the foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should *reasonably anticipate* being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, [444 U. S. 286, 297 (100 SC 559, 62 LE2d 490)] (1980)." (Punctuation omitted; emphasis supplied.) *Norfolk Southern R. Co. v. Maynard*, supra at 280. Such determination "must be made on the particular facts of each case." (Citations and punctuation omitted.) *State ex rel. Bell Atlantic — W. Va. v. Ranson*, supra at 767, citing *Kulko v. Superior Court of Cal.*, 436 U. S. 84 (98 SC 1690, 56 LE2d 132) (1978).

Under this two-prong analysis, it is unnecessary for this Court to determine whether Northwest Carpets' undisputed acts were "transactions" for the purpose of establishing in personam jurisdiction under West Virginia's corporate and long arm statutes. St. Clair failed to present *any* evidence which could support a finding that Northwest Carpets' contacts were of such quality that it was fair or reasonable to require Northwest Carpets to defend this suit in West Virginia.

Accordingly, we affirm the Whitfield County Superior Court's order setting aside the domestication of the West Virginia judgment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1999.

*Goddard, Thames, Hammontree & Bolding, Fred S. Bolding*, for appellant.

*Minor, Bell & Neal, Robert G. McCurry*, for appellee.