## A02A0988. SAYE v. KING.
(564 SE2d 859)

PHIPPS, Judge.

This is an action for domestication of a foreign judgment obtained against a Georgia corporation and an individual residing in Georgia. The question is whether the foreign court had personal jurisdiction over the individual judgment debtor. Answering this question in the negative, the trial court denied enforcement of the judgment against the individual judgment debtor (but allowed the judgment to be enforced against the corporate defendant). The judgment creditor appeals the court's denial of enforcement of the judgment against the individual debtor. We find that the judgment creditor has negated the individual judgment debtor's defense of lack of personal jurisdiction. Therefore, we reverse.

The judgment creditor, Homer Saye, is a Texas resident. The individual judgment debtor is James W. King, a Georgia resident who operates a firearms dealership in Georgia under the corporate name James W. King Firearms Auction, Inc. Through a newspaper circulated nationally, King advertised firearms auctions held in Georgia. In response to an ad, Saye telephoned King and purchased a catalogue. After receiving the catalogue in the mail, Saye submitted absentee fax bids for an auction and was the highest bidder on two firearms. King thereupon informed Saye of his winning bids, Saye

forwarded payment for the firearms to King, and King shipped the firearms to Saye.

Saye, however, was dissatisfied with one of the firearms and attempted to return it. A dispute arose as to the amount of money Saye owed King for the firearm. Saye eventually sued King in both his individual and corporate capacities in a county district court in Texas, seeking damages for violation of the Texas Deceptive Trade Practices Act. Neither defendant answered the suit, and a default judgment in excess of $50,000 was entered against them.

Saye brought this action to domesticate the Texas judgment to permit enforcement against King and his corporation. In response, King filed a motion to set aside the judgment on the ground that the Texas court lacked personal jurisdiction over him either individually or as agent for his company.

> When suit is brought to domesticate a foreign judgment, the judgment may be attacked collaterally on the ground the foreign court lacked personal jurisdiction over the defendant. If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists. The party seeking to domesticate the judgment bears the burden of negating the defense of lack of personal jurisdiction. [Cits.][1]

To accord the foreign judgment full faith and credit, personal jurisdiction over the judgment debtor must have been proper under the law of the state in which the judgment was rendered.[2] For the state to acquire personal jurisdiction over the nonresident defendant, he must have had sufficient minimum contacts with the state. Whether sufficient minimum contacts exist is determined by examining the allegations of the pleadings and not the merits of the case.[3]

As authority in support of his defense of lack of personal jurisdiction, King cited Georgia appellate court decisions exemplified by *Beverage Mgmt. Solutions v. Yankee Spirits*[4] to the trial court. Under these decisions, mere telephone or mail contact with an out-of-state defendant is insufficient to establish the purposeful activity within Georgia required for the exercise of personal jurisdiction under our Long Arm Statute. We agree that the line of cases cited by King provides support, at least under Georgia law, for the claim that the Texas court lacked personal jurisdiction over him.

---

[1] *Giarratano v. Glickman*, 232 Ga. App. 75 (501 SE2d 266) (1998).
[2] *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 673 (2) (524 SE2d 519) (1999).
[3] *Mem. Hosp. System v. Fisher Ins. Agency*, 835 SW2d 645 (Tex. App. 1992).
[4] 218 Ga. App. 95 (460 SE2d 564) (1995).

In opposition to King's motion to set aside, however, Saye filed a notice of intent to rely on the law of Texas, thereby invoking his right to rely on the law of the state rendering the judgment sought to be domesticated.[5] Saye argues that, under the decision of the Texas Court of Appeals in *Mem. Hosp. System v. Fisher Ins. Agency*,[6] the Texas court had personal jurisdiction over King individually. *Mem. Hosp.* holds that the exercise of personal jurisdiction over a nonresident passes constitutional muster even where the nonresident's sole contact with the state is to make a false representation in a single telephone call, where the recipient of the call suffers foreseeable economic injury in the forum state as a result of the misrepresentation.

Saye alleged in his Texas action that King made deceptive or fraudulent representations concerning one of the firearms he purchased. Such representations would have been made in a telephone call placed by Saye in Texas to King in Georgia in response to King's newspaper ad in Texas, or in the catalogue King sent to Saye in Texas. Certainly, King could foresee that if he made misrepresentations concerning the firearms on which Saye was bidding, Saye would suffer economic damage in Texas. Therefore, under the *Mem. Hosp.* decision, the Texas court was authorized to exercise personal jurisdiction over King in Saye's action.

At the hearing below, King's argument was that the Texas court lacked personal jurisdiction over him individually because all actions he took were as an agent of his corporation. To rebut this argument, Saye relies on decisions of the Texas Supreme Court in *Weitzel v. Barnes*[7] and *Leyendecker & Assoc. v. Wechter*.[8] *Weitzel* holds that there can be individual liability on the part of a corporate agent for misrepresentations he made in violation of an act prohibiting deceptive trade practices.[9] *Leyendecker* holds that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.[10] We agree that the cases cited by Saye authorized the Texas court to exercise personal jurisdiction over King in his individual capacity.

Saye has thus carried his burden of negating King's defense of lack of personal jurisdiction. Although there might be arguments King could advance in an attempt to resurrect his defense, he did not do so at the trial level and has not done so on appeal. In fact, he has not filed an appellate brief.

---

[5] See *Aqua Sun Investments*, supra; OCGA § 9-11-43 (c).

[6] Supra.

[7] 691 SW2d 598 (Tex. 1985).

[8] 683 SW2d 369 (Tex. 1984).

[9] 691 SW2d at 601.

[10] 683 SW2d at 375.

For these reasons, we conclude that the trial court erred in refusing to permit enforcement of the Texas judgment against King in his individual capacity.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 6, 2002.

*Watson, Spence, Lowe & Chambless, Joseph W. Dent*, for appellant.

*Collier & Gamble, Wilbur T. Gamble III*, for appellee.