### A09A0233. STANDARD BUILDING COMPANY, INC. v. WALLEN CONCEPT GLAZING, INC.
(680 SE2d 527)

MILLER, Chief Judge.

Standard Building Company, Inc. ("Standard") appeals the trial court's order granting Wallen Concept Glazing, Inc.'s ("Wallen") motion for reconsideration in Wallen's action to domesticate a default judgment entered in an Ohio state court. Standard contends that the trial court erred in entering a final judgment domesticating the Ohio default judgment where Wallen failed to carry its burden of negating Standard's defense of lack of personal jurisdiction. For the reasons set forth below, we agree and reverse.

"A trial court's findings of fact after an evidentiary hearing will not be set aside unless completely erroneous. [Cit.]" *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609 (547 SE2d 802) (2001). We review de novo the trial court's application of law to undisputed facts. Id.

On August 27, 2007, Wallen filed with the trial court its petition to domesticate a foreign default judgment rendered in its favor in Ohio. See OCGA § 9-12-130 et seq. On August 29, 2007, Wallen

---

[13] *In the Interest of B. J. F.*, 276 Ga. App. 437, 443 (2) (623 SE2d 547) (2005).

personally served Standard with the summons and complaint, to which Standard made no response. On October 1, 2007, the trial court entered its Order and Final Judgment on Proceeding for Enforcement of Domesticated Foreign Judgment pursuant to OCGA § 9-12-130.

On December 31, 2007, Standard filed a motion to set aside default judgment under OCGA § 9-11-60 (d) in the trial court, asserting that the Ohio court lacked in personam jurisdiction over Standard due to insufficient service of process, and attached an affidavit from Kevin Nutson ("Nutson"), stating that Standard had not been served with the summons and complaint in the foreign case. The affidavit did not indicate the nature of Nutson's position with Standard. On January 16, 2008, Wallen filed its response to Standard's motion to set aside default judgment, and appended a copy of a certified mail return receipt to controvert the assertions in Nutson's affidavit that Standard was not served in the Ohio case. Thereafter, on February 7, 2008, the trial court granted Standard's motion to set aside judgment, finding that the only evidence in the record supporting personal jurisdiction was a filed copy of the foreign default judgment, which was insufficient to meet Wallen's burden to establish that personal jurisdiction existed over Standard in Ohio.

On February 19, 2008, Wallen filed a motion for reconsideration and attached three exhibits: an unauthenticated computer printout from the Ohio Secretary of State's office reflecting a corporation search for Standard (Exhibit A), a photocopy of a standard form agreement between a contractor and an owner for a stipulated sum ("AIA contract"), purportedly existing between the parties (Exhibit B), and a photocopy of a certified mail return receipt showing service of the summons and complaint on Standard at an address in Atlanta (Exhibit C). Standard timely filed its response, asserting that service by certified mail was insufficient given that it maintained a registered agent for service of process in Ohio.

During the hearing on the motion for reconsideration, Standard's counsel objected to the admissibility of the foregoing documents on the grounds of lack of authenticity, lack of foundation, and incompleteness. Wallen's counsel responded that the exhibits were attached to the motions and already on file with the court. The trial court replied, "[w]ell that doesn't make them properly authenticated or admissible, okay? [I]f they are not properly authenticated, I cannot consider them even if they've been filed with motions. So I'm sustaining the objection to the extent applicable." The trial court then indicated that it would have to examine each document separately to determine its authenticity, and that such review would be conducted by its law clerk. Wallen's counsel then argued that service on Standard by certified mail was in accordance with Ohio

law. Wallen also referred the trial court to the contract for the building in Ohio, arguing that it was undisputed that Standard transacted business in Ohio. The trial court replied, "my problem is that attaching a piece of evidence to a motion does not mean that that piece of evidence has either been properly authenticated or is admissible, does it?" Wallen's counsel responded, "Understood. I have not heard an objection or dispute that they actually conducted business in Ohio or engaged in constructing this building, Your Honor. There's no objection. That's undisputed." The trial court did not admit the three exhibits into evidence, and took the matter under advisement.

Thereafter, the trial court granted Wallen's motion for reconsideration, vacated its prior order granting Standard's motion to set aside, and reinstated its Order and Final Judgment on Proceeding for Enforcement of Domesticated Foreign Judgment pursuant to OCGA § 9-12-130. In its order, the trial court solely relied on the Ohio Secretary of State Corporation Search (Exhibit A) and the AIA contract (Exhibit B), with its questioned admissibility, to conclude that Standard is "a registered foreign corporation that transacts and contracts business in the State of Ohio," authorizing personal jurisdiction over Standard in Ohio.

Other than the default judgment, no pleadings from the Ohio case were included in the record on appeal.

Standard argues that the trial court's grant of the motion for reconsideration was error because Wallen failed to meet its burden of disproving Standard's defense of lack of personal jurisdiction with competent evidence. We agree.

> When suit is brought to domesticate a foreign judgment, the judgment may be attacked collaterally (under OCGA § 9-11-60 (d) (1)) on the ground the foreign court lacked personal jurisdiction over the defendant. If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists. The party seeking to domesticate the judgment bears the burden of negating the defense of lack of personal jurisdiction.

(Citations omitted.) *E. Howard St. Clair & Assoc. v. Northwest Carpets*, 237 Ga. App. 537, 538 (515 SE2d 660) (1999). Even assuming that service of process was improperly effected, "[f]or [Ohio] to acquire personal jurisdiction over [a] nonresident defendant, [the defendant] must have had sufficient minimum contacts with [Ohio] . . . [which] is determined by examining the allegations of the pleadings and not the merits of the case." (Footnote omitted.) *Saye v. King*, 255 Ga. App. 276, 277 (564 SE2d 859) (2002). "The

record must show that the matter of jurisdiction was at least alleged and proved in the foreign judgment case or that the court made such a finding; where this is not done, the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court." (Citations and punctuation omitted.) *Atlantic Nat. Bank of Florida v. Chance*, 194 Ga. App. 634, 637 (1) (391 SE2d 677) (1990) (Beasley, J., concurring specially).

The trial court correctly concluded that the Ohio default judgment, standing alone, was insufficient to support a finding that Standard maintained sufficient minimum contacts with Ohio such that it was subject to personal jurisdiction there. It thus became necessary for Wallen to produce other evidence to negate Standard's defense of lack of personal jurisdiction. This Wallen failed to do.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. [Cit.]" *Vaughn v. Metro. Property & Cas. Ins. Co.*, 260 Ga. App. 573, 575 (4) (580 SE2d 323) (2003). Further, "[a] proper foundation must be laid for the introduction of documentary evidence." (Citation and punctuation omitted.) *Davis v. First Healthcare Corp.*, 234 Ga. App. 744, 746 (1) (507 SE2d 563) (1998).

We have held that uncertified copies of computer printouts from a Secretary of State's website are not admissible as evidence unless authenticated. *Matson v. Noble Investment Group*, 288 Ga. App. 650, 656 (2) (655 SE2d 275) (2007). "To be admissible, such records must, at a minimum, contain a certificate or attestation of a public officer." (Footnote omitted.) Id.; OCGA § 24-7-20. We find that the trial court abused its discretion by considering the name search documents from the Ohio Secretary of State's office because they were not properly authenticated.

"An unrecorded written contract or similar instrument, if bearing a signature, must be shown to have been signed, or authorized or ratified by the person by or for whom it purports to be signed." (Citations and punctuation omitted.) *Hill Aircraft & Leasing Corp. v. Cintas Corp.*, 169 Ga. App. 747, 748 (1) (315 SE2d 263) (1984); Green, Ga. Law of Evidence (5th ed.), § 89. Here, the AIA contract identifies Standard as the "contractor" but lists One Enon Company, LLC as the "owner." The contract bore the signature of Glen Croy, Senior Project Manager, under the line for "contractor." Glitz & Associates is also named as the "owner" in various places in the contract. The record, however, does not reflect the relationship between Wallen and either such entity. Nor does the record establish a contractual relationship between Wallen and Standard. Moreover, Wallen has not tendered proof of the contract's authenticity or genuineness or that Glen Croy signed the document on behalf of

Standard. *Davis*, supra, 234 Ga. App. at 746 (1). As such, we find that the trial court abused its discretion in relying on the AIA contract to find that Standard transacted business in Ohio.

Similarly, Wallen failed to offer a proper foundation for the introduction of the certified return receipt card into evidence. *Davis*, supra, 234 Ga. App. at 746 (1); see *Payne v. Mimms Enterprises*, 234 Ga. App. 199, 200 (505 SE2d 520) (1998) (an unauthenticated document purporting to indicate that a law office attempted a certified mailing of some article to individual at a specified address at a cost of $2.98 was not admissible evidence of service).

Other than these three exhibits, Wallen offered no other admissible evidence by way of affidavit or deposition testimony which would demonstrate whether Standard, a nonresident, had sufficient minimum contacts with Ohio. Nor can we examine the allegations of the pleadings in the underlying case to determine whether such contacts exist because the pleadings from the Ohio case are not contained in the record.

The Ohio Supreme Court uses a two-part test to determine if an Ohio court has personal jurisdiction over an out-of-state defendant. The court must determine

> if the defendant's conduct falls within Ohio's "long-arm statute" or applicable civil rule, giving rise to personal jurisdiction, and then the court must determine whether a grant of jurisdiction to Ohio courts comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. [Cit.]

*Columbus Show Case Co. v. CEE Contracting, Inc.*, 75 Ohio App.3d 559, 563 (599 NE2d 881) (1992). "[A] state may assert personal jurisdiction over a nonresident defendant if the [defendant] has certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Citation and punctuation omitted.) *Ky. Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 76 (II) (559 NE2d 477) (1990). Ohio law permits jurisdiction over nonresident defendants who transact any business in Ohio. Id. at 75; Ohio Civ. R. 4.3 (2009); ORC Ann. 2307.382 (2009).

Given that Wallen produced no other admissible evidence, it has failed to make a prima facie showing that Standard transacted business in the state of Ohio as contemplated by Ohio's long-arm statute or that Standard purposely established contacts with Ohio. Even if the contract and corporate documents from the Ohio Secretary of State's office were admissible, the record is devoid of any evidence detailing where negotiations and dealings were con-

YALE LAW LIBRARY

ducted, the nature of any such dealings, and whether Standard had an agent to facilitate the building construction in Ohio. Inasmuch as Wallen has failed to negate Standard's defense of lack of personal jurisdiction by a preponderance of the evidence, the trial court erred in finding that Standard is "a registered foreign corporation that transacts and contracts business in the State of Ohio" such that it should reasonably anticipate being subject to suit there.

For the reasons set forth above, we reverse the trial court's order granting enforcement of the domestication petition pursuant to OCGA § 9-12-130.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 18, 2009.

*Douglas H. Tozzi, L. Matt Wilson,* for appellant.
*Goodman, McGuffey, Lindsey & Johnson, Robert A. Luskin, David M. Abercrombie,* for appellee.