## A11A0742. LeROY VILLAGE GREEN RESIDENTIAL HEALTH CARE FACILITY, INC v. DOWNS et al.

(713 SE2d 728)

MIKELL, Judge.

In this action to domesticate and enforce a New York judgment for money damages, LeRoy Village Green Residential Health Care Facility, Inc. ("LeRoy Village"), appeals the trial court's grant of a motion to set aside its prior order domesticating a New York judgment. For the reasons set forth below, we reverse.

The record shows that LeRoy Village filed a lawsuit against Terri L. Downs and Jimmie R. Downs, Jr. ("appellees"), in the Supreme Court of Livingston County, New York, alleging that appellees engaged in a series of fraudulent conveyances rendering Terri Downs' grandmother, a resident at LeRoy Village, unable to pay for her nursing care. A summons and complaint was personally served upon appellees in Georgia on February 24, 2009. Appellees filed a pro se response to the complaint with the Livingston County Clerk on March 23, 2009. On April 1, 2009, LeRoy Village obtained a default judgment against appellees. On or about May 8, 2009, the appellees sent LeRoy Village's counsel an unverified copy of their answer. LeRoy Village then sent a letter to appellees that it would not voluntarily vacate its judgment against them absent a meritorious defense. LeRoy Village then filed its petition to domesticate the foreign judgment in the Liberty County Superior Court in Georgia, where appellees resided. The trial court granted the motion to domesticate the foreign judgment on March 25, 2010. On April 7, 2010, appellees filed a motion to set aside LeRoy Village's judgment. The trial court granted appellees' motion in an order dated October 7, 2010.

LeRoy Village argues that the trial court's grant of the motion to set aside was error because it held that Georgia law governed the filing of appellees' answer in the New York case. We agree and reverse.

Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by courts

of this state.[1] To be enforced in Georgia, the foreign judgment must first be domesticated pursuant to the Uniform Enforcement of Foreign Judgments Law ("UEFJL").[2] In Georgia, "the proper method for attacking a foreign judgment filed in Georgia under the [UEFJL] is a motion to set aside under OCGA § 9-11-60 (d)."[3] The Georgia court must then apply the foreign jurisdiction's laws to evaluate whether the default judgment was proper in order to determine whether one of the grounds set forth in OCGA § 9-11-60 (d) applies.[4] A motion to set aside will be granted if the appellees show that the judgment is defective due to lack of jurisdiction over the person or subject matter; due to fraud, accident or mistake; or due to a nonamendable defect on the face of the pleading.[5] "In cases involving a default judgment, this type of defect arises where the record shows on its face that the default was entered on an improper basis."[6]

In the present case, the trial court held that the default judgment was improper because appellees had timely filed their answer under Georgia law. In its opinion, the trial court cited *Kaylor v. Turner*[7] for the assertion that the UEFJL "creates a conflict of laws rule applicable to foreign judgments so that the trial court must . . . apply Georgia law as if the foreign judgment had been rendered by the forum court."[8] In reliance upon this case, the trial court held that Georgia procedural law should be applied in determining whether or not appellees properly served their answer in the New York action. The trial court applied Georgia procedural law to the New York judgment and held that because appellees filed a response with the Livingston County, New York Clerk's Office within thirty days of service of the complaint, the appellees had complied with OCGA §§ 9-11-5 and 9-11-12,[9] implying that appellees were not in default and the judgment could not be enforced against them in

---

[1] *Chrison v. H & H Interiors, Inc.*, 232 Ga. App. 45, 49 (1) (500 SE2d 41) (1998).

[2] *NationsBank, N.A. v. Gibbons*, 226 Ga. App. 610, 611-612 (487 SE2d 417) (1997).

[3] (Citation and punctuation omitted.) *Noaha, LLC v. Vista Antiques &c.*, 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010).

[4] See, e.g., *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 673 (2) (524 SE2d 519) (1999) (Court applied Florida law to OCGA § 9-11-60 (d) motion.).

[5] OCGA § 9-11-60.

[6] (Punctuation and footnote omitted.) *Hiner Transport, Inc. v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008) (Trial court's award of default judgment based on defendant's failure to file an answer in response to amended complaint was in error, and should have been set aside).

[7] 210 Ga. App. 2 (435 SE2d 233) (1993).

[8] Id. at 4 (2).

[9] Under the Georgia Civil Practice Act, a defendant's answer must be in writing, served upon opposing counsel and filed with the clerk's office within thirty days after service upon the defendant of the summons and complaint. See OCGA §§ 9-11-5 and 9-11-12 (a).

Georgia. However, this interpretation of *Kaylor* is in error. In *Kaylor*, this Court was citing to OCGA § 9-12-132, which sets forth the mechanism for challenging a foreign judgment under the UEFJL but does not address the procedure for obtaining a valid foreign judgment.[10]

We hold that the Georgia trial court in this case was required to accord the foreign judgment full faith and credit if it was "proper under the law . . . in which the judgment was rendered."[11] A valid foreign judgment will be entered and enforceable in Georgia "even though such a judgment could not have been obtained in [Georgia] courts."[12] Accordingly, we must apply New York law to the filing of appellees' answer.

Applying New York procedural law, we find that appellees were in default because they did not timely serve their answer upon counsel. Appellees were personally served with the New York summons and complaint on February 24, 2009. Although appellees filed an answer with the Livingston County Clerk's Office within thirty days, they did not comply with the applicable New York procedural laws requiring them to serve the answer directly on LeRoy Village's counsel.[13] Therefore, we find that the New York court properly entered a default judgment against appellees and that the trial court's grant of the motion to set aside the judgment was in error.[14]

*Judgment reversed. Smith, P. J., and Miller, P. J., concur.*

---

[10] OCGA § 9-12-132 (". . . A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner").

[11] (Footnote omitted.) *Saye v. King*, 255 Ga. App. 276, 277 (564 SE2d 859) (2002) (Georgia trial court had to accord foreign judgment full faith and credit if personal jurisdiction over judgment debtor was proper under the law of the state in which judgment was rendered. Georgia case law was not applicable in determining personal jurisdiction.). Accord *P.G.L. & C.C. Employees Credit Union v. Kimball*, 221 Ga. App. 108, 109 (470 SE2d 501) (1996) (By the very nature of an action for domestication of a foreign judgment, all parties and the court have notice that foreign law will be relied upon).

[12] (Citation and punctuation omitted.) *Boyer v. Korsunky, Frank, Erickson Architects, Inc.*, 191 Ga. App. 549, 550 (382 SE2d 362) (1989) (Foreign consent judgment was entitled to full faith and credit, even if provision in consent judgment was penalty in clear violation of public policy of Georgia). See also *Chrison*, supra at 49 (1) (Tennessee law, rather than Georgia law, controlled determination of whether dismissal of Tennessee action for failure to prosecute was adjudication on the merits, for res judicata purposes).

[13] New York's Civil Practice Law and Rules ("CPLR") governs civil actions in New York state courts. New York law requires that a defendant respond to a complaint by serving an answer on plaintiff's counsel, and not by filing it with the clerk's office. See CPLR §§ 320 (a) and 2103 (b); *Kraus Bros. v. L.V. Hoffman & Co.*, 470 N.Y.S.2d 1, 3 (99 A.D.2d 401) (1984) (defendant's default based on failure to timely serve answer on plaintiff's counsel) and *Ryan v. Rocky Graziano Foods, Inc.*, 347 N.Y.S.2d 984, 985 (75 Misc.2d 415) (1973) (There is no statutory requirement that an answer be filed with the clerk's office).

[14] See *Kraus Bros.*, supra.

*Balch & Bingham, Marlie A. McDonnell, Christopher S. Anulewicz*, for appellant.

*Harvey & Hendrix, Mark A. Hendrix*, for appellee.