**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 27, 2013**

# In the Court of Appeals of Georgia

A12A1691. CARTER et al. v. HERITAGE CORNER, LTD. et al.

McFADDEN, Judge.

Sharon F. Carter and Irene Bryant, residents of Arkansas, sought to domesticate a default judgment that they had obtained in an Arkansas county circuit court against Heritage Corner, Ltd. and Heritage Funding Group, Inc. (collectively, the "Heritage entities"), and those entities' chief executive officer, Rodney Wayne Callaway. The trial court granted the defendants' motion to set aside the judgment on the ground that the Arkansas court lacked personal jurisdiction over them. Carter and Bryant appeal. As detailed below, we reverse as to Callaway because he was not entitled to attack the judgment collaterally, having appeared before the Arkansas court and having waived the defense of lack of personal jurisdiction. We affirm as to the Heritage entities, however, because they were entitled to attack the judgment collaterally and

the record supports the trial court's finding that Carter and Bryant did not demonstrate that the Arkansas court had personal jurisdiction over the Heritage entities.

1. *Facts and procedural history.*

The record shows that Carter and Bryant brought an action in Arkansas alleging that Callaway and the Heritage entities engaged in fraud, breach of contract, and other tortious acts related to a purported investment. The defendants did not answer the complaint, but Callaway, acting pro se on behalf of himself and the Heritage entities, moved to dismiss the action. In the motion to dismiss, Callaway did not allege that the defendants lacked sufficient contacts with Arkansas to allow a court in that state to assert personal jurisdiction over them.

Ultimately, the Arkansas court granted a default judgment in favor of Carter and Bryant. In its order, that court found that it "ha[d] jurisdiction of this matter," but it made no specific findings pertaining to its personal jurisdiction over the defendants.

Carter and Bryant sought to domesticate the Arkansas judgment in Georgia under the Uniform Enforcement of Foreign Judgments Law, OCGA §§ 9-12-130 et seq. The defendants moved to set the judgment aside on the ground that the Arkansas court lacked personal jurisdiction over them due to insufficient contacts between the

2

defendants and that state. After a hearing, the trial court granted the motion, finding that "none of the [d]efendants were personally served in Arkansas, none of the [d]efendants made an appearance in the Arkansas court proceedings and judgment by default was entered, and none of the [d]efendants were domiciled nor incorporated in Arkansas nor had a place of business there." The trial court further noted that the Arkansas court's order did not contain any findings of fact "to support the argument that personal jurisdiction was proper in that [c]ourt" and that, to the extent the order set forth a prima facie case of that court's personal jurisdiction over the defendants, the defendants had presented evidence to rebut that prima facie case.

2. *The trial court erred in setting aside the judgment as to Callaway, but was authorized to set aside the judgment as to the Heritage entities.*

Carter and Bryant argue that the trial court erred in failing to accord the Arkansas judgment full faith and credit. Under the full faith and credit clause of the United States Constitution, this court has held

> a judgment of a foreign court will be enforced by courts of this state. To be enforced in Georgia, the foreign judgment must first be domesticated pursuant to the Uniform Enforcement of Foreign Judgments Law[.] In Georgia, the proper method for attacking a foreign judgment filed in Georgia under the [Uniform Enforcement of Foreign Judgments Law] is a motion to set aside under OCGA § 9-11-60 (d).

3

(Citations and punctuation omitted.) *LeRoy Village Green &c. Facility v. Downs*, 310 Ga. App. 754, 754-755 (713 SE2d 728) (2011). "A trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support that ruling." (Citation and punctuation omitted.) *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 673 (2) (524 SE2d 519) (1999).

Under OCGA § 9-11-60 (d) (1), a defendant may collaterally attack a foreign judgment on the ground that the foreign court lacked personal jurisdiction over him. See *E. Howard St. Clair & Assoc. v. Northwest Carpets*, 237 Ga. App. 537, 538 (515 SE2d 660) (1999). But a collateral attack based on lack of personal jurisdiction is precluded when the defendant has appeared in the foreign court and has had an opportunity to litigate the issue. *Aqua Sun*, 240 Ga. App. at 673 (2).

(a) *The judgment against Callaway.*

Contrary to the trial court's finding, the record shows that Callaway appeared in the Arkansas court by filing in that court his motion to dismiss the action brought by Carter and Bryant. And as Carter and Bryant argue, Callaway waived his defense of lack of personal jurisdiction when he failed to raise the issue in his motion to dismiss. See Ark. R. Civ. P. 12 (h) (1). Consequently, Callaway could not attack that court's personal jurisdiction collaterally in the motion to set aside the judgment, and

4

the trial court erred in setting aside the judgment against him. See *Packer Plastics v. Johnson*, 205 Ga. App. 797 (423 SE2d 690) (1992).

(b) *The judgment against the Heritage entities.*

The record, however, supports the trial court's finding that the Heritage entities did not appear in the Arkansas court. Arkansas law precluded Callaway, a nonlawyer, from representing the Heritage entities pro se, and thus his motion to dismiss on behalf of the Heritage entities was a nullity. See *Davidson Props. v. Summers*, 244 SW3d 674, 675 (Ark. 2006); *All City Glass & Mirror v. McGraw Hill Information Sys. Co.*, 750 SW2d 395, 395-396 (Ark. 1988). Because they did not appear before the Arkansas court to litigate the personal jurisdiction issue, the Heritage entities were entitled to attack the Arkansas judgment collaterally on that ground. See *E. Howard St. Clair & Assoc.*, 237 Ga. App. at 538.

Where, as here, a foreign judgment was obtained by default, "no presumption of personal jurisdiction exists. The party seeking to domesticate the judgment bears the burden of negating the defense of lack of personal jurisdiction. During a hearing on the determination of jurisdiction, in personam jurisdiction must be proven by a preponderance of the evidence." (Citations omitted.) *E. Howard St. Clair & Assoc.*,

237 Ga. App. at 538. Accord *Standard Bldg. Co. v. Wallen Concept Glazing*, 298 Ga. App. 443, 445 (680 SE2d 527) (2009).

Carter and Bryant argue that minimum contacts existed for the Arkansas court to exercise personal jurisdiction under that state's law because the defendants "solicited the investment of Arkansas residents." They alleged in their complaint that Carter sought investment advice from Callaway, her first cousin, who recommended that she invest in a foundation for which he served as a board member. But in an affidavit in support of the motion to set aside the judgment, Callaway denied soliciting the transaction and stated that he "has not otherwise engaged in any business activity in the State of Arkansas." Carter and Bryant presented no evidence at the hearing in response to the Callaway affidavit. Under these circumstances, we cannot say that the trial court had no basis for finding that Carter and Bryant failed to meet their burden of showing that the Arkansas court had personal jurisdiction. Because there is evidence to support the trial court's ruling on the motion to set aside the judgment as to the Heritage entities, we affirm the ruling as to those defendants. See *Aqua Sun Investments*, 240 Ga. App. at 673 (2).

*Judgment affirmed in part and reversed in part. Barnes, P. J., and McMillian, J., concur.*

6