**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 1, 2025**

# In the Court of Appeals of Georgia

A25A0618. RICCI v. WEST.

PADGETT, Judge.

Anthony Ricci appeals from the trial court's order granting his ex-wife Angela West's petition for contempt which held that he willfully violated his obligation to pay child support under the divorce decree and incorporated separation agreement, required him to pay past due child support and also pay West's attorney fees. For the reasons that follow, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

Viewed most favorably to the trial court's ruling,[1] the record shows that Ricci and West were divorced in 2009 by a Virginia court.[2] The divorce decree incorporated a separation agreement detailing Ricci's child support obligation. Under that agreement, Ricci had to make monthly payments equal to 21% of his base salary, not including bonuses, incentives, or other payments. The agreement further provided:

> The amount of child support shall be automatically adjusted each year, effective July 1, with the new child support obligation being based upon [Ricci's] salary during the month of June immediately preceding the adjustment. The amount of child support shall also be automatically adjusted in the event of substantial changes in circumstances, . . . including an increase or decrease in [Ricci's] salary of greater than

---

[1] "In reviewing a bench trial, [an appellate court] view[s] the evidence in the light most favorable to the trial court's rulings, defer[s] to the trial court's credibility judgments, and will not set aside the trial court's factual findings unless they are clearly erroneous." *Gibson v. Gibson*, 301 Ga. 622, 624 (801 SE2d 40) (2017). In appeals in contempt proceedings, "if there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion."(Citation and punctuation omitted.) *Murphy v. Murphy*, 330 Ga. App. 169, 177 (6) (b) (ii) ( 767 SE2d 789) (2014).

[2] The divorce decree was issued by the Circuit Court of Montgomery County, Virginia. On January 12, 2017, the Georgia trial court (Superior Court of Oconee County) issued its Order of Domestication of Foreign Decree which Ricci contested. The court issued its Final Order for Registration and Domestication of Foreign Judgment Decree on November 17, 2023. Its order of contempt dated March 5, 2024 is the subject of this appeal.

$10,000 per year; [Ricci] shall provide [West] with verification of any such change in his salary and shall provide her with verification of his salary within a reasonable time after she requests such.

Ricci, who worked in a corporate job , changed positions and employers several times over the years, and he adjusted his child support payments as his base salary shifted. In March 2018, his base salary was $238,000. In September 2018, he left his corporate position to begin a new career as a commercial airline pilot. From October 2018 to June 2019, Ricci earned $50,000 per year , and he reduced his child support payments substantially but did not provide West with complete verification and documentation of his income until February 2023.

In October 2019, West filed a petition for contempt, alleging that Ricci had failed to provide documentation of his income and underpaid child support for years, in violation of the divorce decree.[3] She also filed a motion to compel production of the documentation. The trial court ordered Ricci to produce pertinent financial records, and Ricci eventually disclosed them. In a February 2024 hearing, the court heard evidence from West and Ricci. Following the hearing, the trial court entered a final

---

[3] West made several other contempt allegations that were dismissed for various reasons not relevant here.

order, finding that Ricci was in arrears on his child support obligation in the amount of $151,589.00. The trial court concluded that Ricci's career change was "a willful and voluntary decrease and act of voluntary underemployment . . . despite [Ricci] having two minor children for which he had a child support obligation" and therefore, his subsequent reduction in support payments was willful violation of the decree. Accordingly, the court imputed Ricci's income to be $238,000.00 and recalculated Ricci's child support obligations for the period of September 2018 through June 2023 based upon that imputed income. The court also found that Ricci had willfully violated the salary disclosure obligation of the divorce decree. The court further ordered Ricci to pay $23,415.30 in post-judgment interest on the arrears and $9,200.00 in attorney fees. Ricci filed a motion for new trial, which the trial court denied. Ricci then filed an application for discretionary appeal. We granted Ricci's application, and this appeal followed.

1. Ricci first contends that the trial court erred by disregarding the terms of the parties' separation agreement,[4] modifying the divorce decree contrary to Georgia law

---

[4] Because the trial court incorporated the agreement and all its provisions into the divorce decree, the parties' rights are founded upon the judgment itself rather than the underlying agreement. *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005); see also *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428, 429 (2) (490

, and improperly imputing income . Ricci argues that the self-executing child support adjustment provision changed his payment obligation based on his (initially) increasing salary and then on his significant drop in salary in 2018. We agree.

To begin, a trial court is vested with significant discretion to determine "both whether the court's orders have been violated and how such infringements should be treated." *Wall v. James*, 358 Ga. App. 121, 123 (1) (853 SE2d 881) (2021) (citation and punctuation omitted). Thus, where the court finds a willful contempt of the divorce decree, it has "broad discretion to enforce the letter and spirit of the decree, but the court must do so without modifying the original judgment that is being enforced." *Froehlich v. Froehlich*, 297 Ga. 551, 555 (4) (775 SE2d 534) (2015) (citation and punctuation omitted). "[G]iven the wide latitude afforded to the trial court, we will affirm a contempt ruling if there is any evidence in the record to support it," bearing in mind that as the fact finder, the trial court has the "duty to reconcile seemingly conflicting evidence and to weigh the credibility of witnesses." *Wall*, 358 Ga. App. at 123 (1) (citations and punctuation omitted).

---

SE2d 368) (1997) ("The respective rights of the parties after the entry of judgment are founded upon the judgment itself, and not upon the underlying agreement." (citation and punctuation omitted).

The rule generally applicable to the child support provisions of a divorce decree is that such provisions may be modified only by a court ruling on a modification petition. *Skinner v. Skinner*, 252 Ga. 512, 513 (2) (314 SE2d 897) (1984). A child support obligation is enforceable until modified by court order and cannot be modified retroactively. *Moore v. McKinney*, 335 Ga. App. 855, 856 (1) (783 SE2d 373) (2016).

> A trial court may interpret a divorce decree, or clarify a prior order or judgment, in the course of resolving contempt issues placed before it. In addition, the trial court has the power to see that there be compliance with the intent and spirit of its decrees, and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party. However, a trial court has no power to modify the terms of a divorce decree in a contempt proceeding. The test for distinguishing permissible interpretations and clarifications from impermissible modifications is whether the clarification or interpretation is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification.

*Gilreath v. Conner*, 361 Ga. App. 201, 203 (1) (863 SE2d 555) (2021) (citation and punctuation omitted). When construing a settlement agreement incorporated into a divorce decree, the trial court is bound by

> the same rules that govern contractual interpretation in general, with the cardinal rule being to ascertain the intention of the parties. Where any

contractual term of a settlement agreement incorporated into a decree is clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced.

*Coppedge v. Coppedge*, 298 Ga. 494, 496-497 (1) (783 SE2d 94) (2016) (citation omitted).

Here, the separation agreement incorporated into the divorce decree provided, among other things, that the amount of child support due would be automatically adjusted upon the occurrence of specified conditions without the necessity of obtaining a court order. Specifically, the agreement explicitly provided that any fluctuation in Ricci's salary of more than $10,000 annually was a "substantial change[] in circumstances" that automatically adjusted his child support obligation.[5] The plain language of this self-executing escalator/de-escalator provision did not distinguish between involuntary and voluntary salary changes, as to prohibit the latter.

---

[5] Unlike in *Kent v. Kent*, here, there was no question of fact whether "circumstances ha[d] arisen" which would have put Ricci at risk when adjusting his payments, such that he should have filed a declaratory action. 265 Ga. 211, 213 (2) (452 SE2d 764)(1995) (noting that, where there was a question of fact as to whether the wife was cohabiting with another man, thus relieving the husband of his alimony obligation under the divorce decree, the husband should have raised the issue in a declaratory action rather than unilaterally stopping payments).

Neither did it provide a mandatory minimum amount ("floor") for child support payments.[6] In light of the unambiguous language of the decree and the incorporated separation agreement, there is no evidence to support the trial court's ruling that Ricci's voluntary decrease in salary as of September 2018[7] violated the terms of the decree. See *LeRoy Village Green Residential Health Care Facility, Inc. v. Downs*, 310 Ga. App. 754 (713 SE2d 728) (2011) (holding that a foreign judgment must be given "full faith and credit if it was proper under the law in which the judgment was rendered[,]" and a valid foreign judgment will be "enforceable in Georgia even though such a judgment could not have been obtained in [Georgia] courts.")[8] (citation and punctuation omitted). See also *Robinson v. Citibank, N.A.*, 365 Ga. App. 27, 28 (877

---

[6] By contrast, it did provide a maximum monthly payment ("ceiling") of $3,6500.00, plus 5% of any amount of monthly salary above $16,667.00.

[7] To the extent that the trial court found that Ricci violated the alleged duty not to take a lesser paying job, such duty is not "clear and certain" from the language of the decree, and holding Ricci in contempt for it is an abuse of discretion. See *Hughes v. Browne*, 217 Ga. App. 567, 568 (1) (459 SE2d 170) (1995).

[8] Similarly, Georgia law disfavors the calculation of a child support obligation based on the percentage of a recurring income (such as salary), as the separation agreement provided here, instead of identifying a specific amount. See *Cousin v. Tubbs*, 353 Ga. App. 873, 890 n.62 (840 SE2d 85) (2020) (referring to the process of determining child support using the "child support obligation table" (Georgia Schedule of Basic Child Support Obligation)); see OCGA § 19-6-15 (b) (4), (o).

SE2d 281) (2022); OCGA § 9-12-132. Accordingly, the divorce decree, entered by a Virginia court under Virginia law, must be enforced as is, and the trial court abused its discretion when it imputed Ricci's prior (higher) income to calculate his child support arrearage based on OCGA § 19-6-15 (f) (4) (D).[9] We therefore vacate the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion.[10]

---

[9] We note that the trial court only addressed the issue of contempt, not the request for modification (which was moot at the time of the hearing). Therefore, *Friday v. Friday*, 294 Ga. 687, 691 (2) (755 SE2d 707) is distinguishable (holding that a trial court is allowed to hold a parent in contempt for arrearage in child support resulting from the parent's prior willful unemployment (and impute income) "if addressing both a petition for modification and a petition for contempt").

[10] It is undisputed that Ricci was in some arrearage on his child support payments and violated his disclosure obligations.

2. Ricci also contends that the trial court improperly awarded attorney fees to West under OCGA § 9-15-14 (b) and OCGA § 19-6-2. Because we are vacating the trial court's order on the substantive claims, we likewise vacate the court's ruling on the derivative claims for attorney fees and remand them to be reconsidered in light of this opinion. See *Sponsler v. Sponsler*, 301 Ga. 600, 605 (3) (800 SE2d 564) (2017).

*Judgment vacated and remanded with direction. Doyle, P.J., and Markle, J., concur.*